# Franklin *v*. Pollard Mill Company.

*Bill in Equity for Injunction against Diversion of Stream.*

1. *Easement in land; conveyance by agent without written authority.* A conveyance of an easement in land, as the right to dig and use a ditch through it, executed by an agent without written authority, confers no legal title: yet, if the principal accepts the purchase-money, and allows the ditch to be dug without objection, the grantee acquires an equitable title, on the principle of an estoppel *en pais*, which is binding on a subsequent purchaser of the land with notice.

2. *Same; adverse possession, as against subsequent conveyance.*—A conveyance of land in which an easement is claimed by a third person, who is adversely holding in assertion of his right, as the right to dig and use a ditch through the land, is void as against him.

3. *Conveyance of wife's land.*—Under statutory provisions of force in April, 1886 (Code, 1876, §§ 2161, 2707-08), a conveyance of land belonging to the statutory estate of a married woman, executed by her alone, was absolutely void.

4. *Injunction against diversion of water from running stream.*—To maintain a bill in equity for an injunction against the diversion of water from a running stream, the complainant must show title to land extending to the bank of the stream; and if he shows title, but fails to show any actual damage resulting to him from the diversion, an injunction will only be granted in vindication of his title, so as to prevent the acquisition of an adverse right by prescription.

[Franklin v. Pollard Mill Company.]

APPEAL from the Chancery Court of Escambia.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 29th December, 1886, by Wiley B. Franklin, against the Pollard Mill Company, and the several persons alleged to be members of said company or partnership; and sought to restrain by injunction a diversion of the waters of a running stream, alleged to flow through the complainant's lands. On final hearing on pleadings and proof, the chancellor dismissed the bill, and his decree is now assigned as error. The opinion states the material facts bearing on the points decided by this court, and renders any further statement unnecessary.

JOHN GAMBLE, and J. W. POSEY, for appellant.—(1.) The right of a riparian proprietor to the use of the water of a running stream, without obstruction, diminution, or alteration, can not be controverted; and the principle is well settled, that a court of equity will protect this right by injunction. *Stein v. Burden*, 29 Ala. 127; s. c., 27 Ala. 104; 24 Ala. 130; 38 Amer. Rep. 452; 37 Amer Rep. 265; 48 Amer. Rep. 528; 2 Hill. R. P. 100; 3 Kent's Com. 439, 2d ed.; *Buddington v. Bradley*, 10 Conn. 213; *King v. Tiffany*, 9 Cow. 162. (2.) The complainant's title to the lands is established by his deeds produced in evidence. If Mrs. Sturdevant's first deed was invalid, its defects were cured by the second, which was certainly executed after the death of her husband, and which relates back to the date of the first. (3.) The defendants show no right to impeach complainant's deeds, or to assert any interest in the land, except through the instrument executed by Johnson as the agent of Mrs. Sturdevant; and that instrument is void under the statute of frauds, because he had no written authority.—Code, §§ 1732, 2694; Pomeroy on Contracts, § 1120. (4.) An estoppel can not work a title to lands, especially where it exists in parol. *McPherson v. Walters*, 16 Ala. 714; *McCravey v. Remson*, 19 Ala. 430; *Gimon v. Davis*, 36 Ala. 589.

M. A. RABB, and G. R. FARNHAM, *contra.*—(1.) The complainant can not assert any rights as a riparian proprietor, because he owns no lands abutting on the stream. The chancellor so decided on the evidence, and his conclusion is fully sustained by the record. The deed from Mrs. Sturdevant, if dated April 10th, 1886, when it purports to have been signed, is a nullity, because her husband did not join

[Franklin v. Pollard Mill Company.]

with her in its execution.—*Pollack v. Graves*, 72 Ala. 347; *Blythe v. Dargin*, 68 Ala. 370; *Vaughan v. Marable*, 64 Ala. 60; *Evans v. English*, 61 Ala. 416; *Williams v. Auerbach*, 51 Ala. 90; *Hammond v. Thompson*, 56 Ala. 589; *Elliott v. Wade*, 47 Ala. 456; *O'Neal v. Robinson*, 45 Ala. 526; *Alexander v. Saulsbury*, 37 Ala. 375; *Watson v. Martin*, 75 Ala. 506.   (2.) But the proof shows that the deed was in fact executed in November, 1886, when the defendants were in actual adverse possession; and it is therefore void as to them.—*Bernstein v. Humes*, 60 Ala. 260; s. c., 72 Ala. 547; *Sharp v. Robertson*, 76 Ala. 343; *Watson v. Mancill*, 76 Ala. 600.   (3.) The deed executed by Johnson, though defective as a conveyance, passed an equitable title, and, coupled with the payment and reception of the purchase-money, operated as an estoppel; and this estoppel is binding on the complainant, who had notice of it.—High on Injunctions, vol. 1, § 7; *W. U. Tel. Co. v. Judkins*, 75 Ala. 430. (4.) The proof clearly shows that, whatever may be the complainant's title, he has sustained no injury.—3 Amer. St. Rep. 788; 18 *Ib.* 102; 61 Amer. Dec. 385, notes; 54 *Ib.* 790, notes; 66 *Ib.* 487; 6 Watt's A. & D. 262–67.

SOMERVILLE, J.—The bill is filed by the appellant, Franklin, as a riparian proprietor, to enjoin the defendant from diverting the waters of a running stream from what is claimed to be its natural channel through his land.   This diversion is produced by the cutting of a ditch, which conveys a large portion of the waters of two branches, or small streams, called McCurdy's and Merritt's branches, through an artificial channel, or ditch, to the mill-pond of the defendant corporation, the Pollard Mill Company.   These streams flow into a lake, or bay, which embraces a considerable basin of water, being between three and four miles long, and from a third to three-quarters of a mile wide.   From the lower part of the bay, below the track or embankment of the M. & M. Railroad Company, flows a small stream, which is called Black Creek.   The complainant claims title to twenty acres of land above the lake, through a portion of which the defendant's ditch is dug, and also another tract below the lake, containing one hundred and sixty acres, through which Black Creek flows.

We have examined with attentive care the vast amount of testimony taken in the case, which is voluminous in its details, and from it we have deduced the following conclusions

[Franklin v. Pollard Mill Company.]

of fact: (1.) The defendant corporation has, in equity at least, a prior easement by purchase of the right to dig the ditch through the twenty-acre tract—this right having been acquired from the owner, Mrs. Sturdevant, before she sold the land to the complainant, and the facts charge the complainant with full notice of this equity of the defendant. (2.) The complainant fails to show title to the other tract of 160 acres, through a part of which Black Creek flows. He is not, therefore, a riparian owner, and can not claim to be protected as such against the alleged diversion of the water from the streams which flow into the lake, and from thence into Black Creek. (3.) It is made to appear satisfactorily that the complainant is not making any particular use of the waters of Black Creek, and that his damage, if anything, is only nominal by reason of the diversion of the waters of the two small streams that flow into the lake.

*First*, as to the defendant's right of way through the twenty-acre tract. We are convinced from the testimony that Mrs. Sturdevant, on or about August 24th, 1886—after the death of her husband—made a verbal sale to the Pollard Mill Company, of the right to cut the ditch in question through this land. She referred Pringle, the agent of the company, to her brother-in-law, Johnson, as her agent, asserting that what he might do in the matter would be all right. Johnson made the sale of the easement in writing as her agent, received the purchase-money, and paid it over to Mrs. Sturdevant. She kept the money several months; and stood by and permitted the defendant to expend a considerable amount of money in constructing the ditch, thus creating in the minds of the officers of that corporation an erroneous or mistaken belief of title. She does not seem to have returned the money until the complainant had purchased the land from her. While the defendant acquired no legal title to the easement to dig a ditch through the twenty-acre tract in controversy, by reason of the fact that Johnson had no written authority to convey; yet an equitable title to such easement was clearly acquired, upon the principle of an estoppel *in pais*, which arises from the foregoing facts.—*Ala. Gr. So. R. R. Co. v. S. & N. Ala. R. R. Co.*, 84 Ala. 570; *Swann v. Miller*, 82 Ala. 530; *Ware v. Swann*, 79 Ala. 333.

Franklin's claim of title to the twenty-acre tract is based on a deed from Mrs. Sturdevant bearing date April 10th, 1886, and probated on November 30th, 1886. If the deed was executed at the time it was dated, it was absolutely void,

21

because it attempted to convey property which was the statutory separate estate of Mrs. Sturdevant, and was signed by her alone, without her husband, who was then living. Code, 1876, §§ 2707, 2161; *Watson v. Martin*, 75 Ala. 506; *Alexander v. Saulsbury*, 37 Ala. 375. And if it was executed after Mrs. Sturdevant became a widow, and after the Pollard Mill Company purchased their easement, which seems probable, the facts of the case charge the complainant with full notice, if not actual knowledge, of the rights of the defendant company.

The complainant, in our opinion, must be adjudged to have bought this land subject to the equity of the defendant company to construct the ditch, which act of construction can not therefore be considered a trespass.

There is another reason which would render this conveyance void as to the easement, if executed after the purchase by the defendant of the right of way over it. The mill company was then in actual possession, claiming adverse possession of the premises to the extent of the easement to dig and use the ditch. The sale to complainant was, therefore, *pro tanto* void as against the adverse occupant.—*Bernstein v. Humes*, 75 Ala. 241.

The 160-acre tract, through which Black Creek flows, was purchased from one Isaac Harrison. There are three deeds which relate to this land. The one executed January, 1886, purports to convey 120 acres in section 22, T. 1, R. 9. The second, dated in February, 1886, cover the same land as the first. We need make no particular allusion to these deeds further than to say, (1) they embrace no land lying immediately on Black Creek, and hence their ownership, if admitted, does not constitute the complainant a riparian owner, so as to justify the present suit; (2) they included the homestead of the grantor, upon which he resided, and the certificate of the wife's acknowledgment was so defective as to confer on the grantee no title, either legal or equitable. *Motes v. Carter*, 73 Ala. 553; *Jenkins v. Harrison*, 66 Ala. 345.

The third deed, purporting to be signed by these parties, bears date in February, 1886, and includes an additional forty-acre tract—the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of said section 22—which lies on Black Creek. Without this tract the complainant can not successfully claim to be a riparian owner of any land on this stream. Without undertaking to discuss the testimony, we need only say that we are satisfied from

an examination of it that this instrument was written out by Tippins, the justice of the peace before whom the acknowledgment purports to be. made, and, under the pretext of correcting an alleged mistake of description, he or Franklin signed the grantors' names in their absence, and without their authority, and dated the instrument back to February 12th, 1886. Irrespective of the defect in the certificate of acknowledgment, the pretended conveyance is void, and confers no title on the grantee which would avail him in this suit.

The chancellor, in our opinion, correctly held that, the present bill must be dismissed for want of proof to sustain the title of complainant as riparian owner of lands on Black Creek.

But, apart from this view, even if the testimony satisfactorily established the complainant's title, we should hold, on the evidence set up in the record, there being no proof of *special damages*, that complainant would be entitled to an injunction only in vindication of his rights, so far as to prevent the defendant from acquiring *an adverse right* to the diversion of the water by prescription. In *Ulbricht v. Eufaula Water Co.*, 86 Ala. 587, we fully discussed this principle, and granted to a lower riparian owner an injunction to restrain the diversion of water in a running stream " to the sensible injury or damage " of complainant, for any purpose for which the complainant might then, or in the future have need for it.

The other questions need not be considered. We hold that the bill was properly dismissed by the chancellor, and his decree is affirmed.