# Sherman *v.* Sherman.

## *Specific Performance.*

(Decided November 19, 1914.   67 South. 255.)

1. *Frauds; Statute of; Lands; Part Payment and Possession.*—It is not necessary that the putting of the purchaser in possession and his part payment of the purchase price should be simultaneous to remove such an agreement for the sale of land from the operation of the statute of frauds.

2. *Specific Performance; Sale of Land; Inequitable Contract.*— Where the purchaser made a part payment, and was put in possession of land under a parol contract for the sale of such land, and relies upon this to remove the bar of the statute of frauds, the court will exercise a sound discretion and deny relief if the contract is inequitable.

3. *Same; Pleading; Variance.*—A slight variance between the allegations of a bill for specific performance and the evidence, as to when a parol agreement for the sale of land was made, is immaterial.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

[Sherman v. Sherman.]

Bill by Lee Sherman against Alice Sherman to specifically perform a parol contract for the sale of lands. Decree for complainant and respondent appeals. Affirmed.

RICKARBY & AUSTILL, for appellant.

GORDON & EDDINGTON, for appellee.

GARDNER, J.—Bill by appellee against appellant to enforce specific performance of a parol contract for sale of 40 acres of land therein described. It is alleged that plaintiff was put in possession, and has paid part of the purchase money.

(1) While it is necessary, of course, when the contract rests in parol, that possession and part payment of the purchase money must concur, yet it is well settled that they need not take place at one and the same time.

"We do not understand that the statutory exception contemplates or requires a payment of purchase money contemporaneous with the letting into possession."— *L. & N. R. R. Co. v. Philyaw,* 94 Ala. 465, 10 South. 84.

That respondent (appellant here) placed the complainant in possession of the land, and which possession has continued, is practically without dispute. The suit is by the son against the mother. Complainant insists that respondent first offered to give him the land, which was wholly unimproved, and afterwards wrote him a letter stating she would sell it to him for $25, which was agreed to; that he paid $15, and tendered the balance, which was refused, and paid into court. The insistence of respondent is that she merely offered to let him have the place to live on as a home, and that she made no sale nor offer to sell, and that no purchase money has been paid.

The evidence in the case consists almost entirely of testimony of the members of the family, and presents an unfortunate situation, as it is in irreconcilable conflict. The letters written by respondent to complainant seem to corroborate the insistence of the latter. It appears that the purchase price, though small, was about the amount respondent had paid for the land at a tax sale purchase; and it is evident that neither she nor her children considered it of much value at that time. Complainant was permitted to remain in possession and make improvements thereon. What was in fact its value then is not shown by the record.

The case presents no question of law of general interest, and is largely a question of fact. A discussion of the evidence would be unprofitable, and, in view of the relationship existing between the parties, also unpleasant. We are mindful of the degree of proof and strictness required in cases of this character.—*Allen v. Young*, 88 Ala. 338, 6 South. 747.

After a most careful consideration of the evidence in this case, the conclusion is reached that the complainant had sufficiently made out his case to entitle him to the relief he seeks. This was the view that prevailed in the court below.

(2) We recognize also the rule that in cases of this character the court exercises a sound judicial discretion, which, however, is controlled by fixed rules and principles, in view of the special features and incidents of each case, and will look at the contract to see if it is unconscionable, oppressive, or inequitable, and, if so, will deny relief.—*Homan v. Stewart*, 103 Ala. 644, 16 South. 35. We find nothing in this record, however, that would justify the application of this principle to this case

(3) The conflict between the parties related to the question as to whether there was, in fact, a contract of sale, and the slight variance complained of, as to the exact time when the agreement was made, was wholly immaterial.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.