(81 South. 666)

PENNEY v. NORTON. (8 Div. 161.)

(Supreme Court of Alabama. April 17, 1919.)

1. EQUITY ☞241—DEMURRER TO BILL—MATTERS CONSIDERED.

On a demurrer to a bill, defects that do not go to the bill as a whole will not be considered; the demurrer not pointing out any particular defects.

2. EQUITY ☞239—DEMURRER TO BILL—ADMISSIONS.

On demurrer facts stated in a bill are taken as true.

3. FRAUDS, STATUTE OF ☞129(8)—ORAL CONTRACTS OF SALE OF LAND—POSSESSION AND PAYMENT.

No note or memorandum whatever is required of a contract of sale of land, if a part of the purchase price is paid and the vendee put in possession.

4. SPECIFIC PERFORMANCE ☞43—ORAL CONTRACTS OF SALE OF LAND—PART PAYMENT—POSSESSION OF LAND.

In order to obtain specific performance of an oral contract of sale of land, it is not necessary that a payment of a part of the purchase price, and the placing of the vendee, shall be concurrent acts as to time and place; it being sufficient if both acts are performed by the proper parties before the attempt to enforce specific performance.

5. SPECIFIC PERFORMANCE ☞114(2) — CONTRACT TO CONVEY LAND—PLEADING.

When a bill for specific performance of a contract to convey land shows a contract of sale and agreement to convey, which is definite and certain enough to be performed, it is not necessary that the bill should negative any other terms or conditions; such matters being available only by plea or answer.

6. SPECIFIC PERFORMANCE ☞28(3) — CONTRACT TO CONVEY LAND—CERTAINTY—TIME OF PAYMENT.

A contract to convey land can be specifically enforced though no certain or definite time is fixed as to when the purchase price should be paid, as the time can be made certain by an offer to deliver the deed or the tender of the purchase price, but, of course, an offer of the

deed, or a tender of the purchase price, must be made within a reasonable time.

7. SPECIFIC PERFORMANCE ☞116¾ — CONTRACT TO CONVEY LAND — PLEADING — DEMURRER.

Unless a bill for specific performance of a contract to convey land, which does not specify the time for payment of the purchase price, shows affirmatively that a tender of the purchase price was made within a reasonable time, such matter would be defensive matter, available only by plea or answer, and not on demurrer.

8. SPECIFIC PERFORMANCE ☞114(1)—PLEADING—CERTAINTY.

Bills for specific performance of contracts to convey land require precision and certainty both as to terms of contract of sale and of the land to be conveyed.

9. SPECIFIC PERFORMANCE ☞8 — RIGHT TO REMEDY—DISCRETION.

While the right to specific performance of a contract is never an absolute right, yet courts of equity exercise a sound discretion, and will compel performance when the law will allow it, and the equity of the case made merits such relief.

10. SPECIFIC PERFORMANCE ☞29(1) — CONTRACT TO CONVEY LAND—CERTAINTY AS TO CHARACTER OF DEED.

It is not necessary to authorize specific performance of a contract for the sale and conveyance of land that the contract specify the character of deed to be executed, though such provision may be proper, and, if reasonable, will be enforced.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill for specific performance of a contract to convey land by Lawrence W. Norton against James E. Penney and wife. From a decree for plaintiff, defendant named appeals. Affirmed.

The opinion of the trial court was as follows:

This is a bill to enforce the specific performance of an alleged contract for the sale of land. It is filed against Penney and wife. Both respondents separately demur, alleging the insufficiency of the bill, upon many grounds. In bills of this character great precision and nicety is required both in allegations and proof. 20 Ency. Plead. & Prac. 435; Jones v. Jones, 155 Ala. 644, 47 South. 80; Westbrook v. Hayes, 137 Ala. 572, 34 South. 622; Brown v. Weaver, 113 Ala. 231, 20 South. 964; Citronelle v. Buhlig, 184 Ala. 406, 63 South. 951. The land alleged to have been contracted to be sold must be clearly identified. 36 Cyc. 691. It must be described with such certainty that it can be identified without resorting to oral evidence to supply a deficiency in the description. Shannon v. Wisdom, 171 Ala. 413, 55 South. 102. It must be such a description that the court can ascertain the boundaries by a survey. 36 Cyc. 776. Under these principles of law it is insisted by the demurrer that the land alleged to have been contracted for in this case is not suffi-

---

ciently described. The bill describes the land by its boundaries on all four sides. It is true that the bill says it may be "further identified" as embracing all lands owned by defendants "adjacent and adjoining to the several above boundaries," but I am of opinion that that language does not constitute a patent ambiguity in the description of the property. When the description is such that a patent ambiguity is disclosed, parol proof of what was intended to be conveyed by the parties will not be received; but, when the ambiguity is latent, parol proof is admissible to make it clear and certain. Birmingham Securities Co. v. Southern University, 173 Ala. 122, 55 South. 240; 6 Pom. Eq. (3d Ed.) § 766. The description of the land in this case can be aided by parol, and, if in any respect it is deemed uncertain, parol evidence can make it certain. Homan v. Stewart, 103 Ala. 650, 16 South. 35. It is next objected by brief that the bill is insufficient in that it avers that the respondents were seized and possessed of the lands "on or prior to the 3d' day of October, 1917," and that this averment does not show that respondents could convey said land on that date. Construing the bill against the pleader, I am of the opinion that, if the bill had been demurred to on this ground, this averment is insufficient in a bill of this character. 20 Ency. Plead. & Prac. 451; Ide v. Leiser, 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17. It is next objected that the contract as set out is void by the statute of frauds, in that it was not in writing and signed by the alleged vendors. The check set out in the bill given by complainant to respondent, J. E. Penney and upon which complainant seems to rely as being a sufficient written memorandum of the contract to comply with the statute, is not signed by either of the alleged vendors. The statute (Code 1907, § 4289) in express language requires such a writing to be "subscribed by the party to be charged therewith." Several respectable courts seem to hold that this is necessary (Worrall v. Munn, 5 N. Y. 229, 55 Am. Dec. 330–344; Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514; Peevey v. Haughton, 72 Miss. 918, 17 South. 378, 18 South. 357, 48 Am. St. Rep. 592; McPherson v. Fargo, 10 S. D. 611, 74 N. W. 1057, 66 Am. St. Rep. 723; Brodhead v. Reinbold, 200 Pa. 618, 50 Atl. 229, 86 Am. St. Rep. 735); but the Supreme Court of Alabama held that a note describing the contract signed by the vendee alone when he went into immediate possession of the land was sufficient compliance with the statute (Reynolds v. Kirk, 105 Ala. 446–448, 17 South. 95); and in a later case it seems to have been conceded that, if the check there mentioned had sufficiently described the contract, it would have been a sufficient compliance with the statute, as the bill averred that complainant went immediately in possession of the land under said contract. But it is objected that said check does not show when the balance of the purchase money was to be paid, and that therefore the terms of the contract are not sufficiently set forth. In a court of equity, unless so stated in the contract, time is not of the essence of the contract. Vance v. Newman, 72 Ark. 359, 80 S. W. 574, 105 Am. St. Rep. 42; King v. Ruckman, 21 N. J. Eq. 599; Converse v. Blumrich, 14 Mich. 109, 90 Am. Dec. 230; Young v. Daniels, 2 Iowa, 126, 63 Am. Dec. 477; 36 Cyc. 797. The contract must be complete and definite as to the terms of the sale and date of payment, "unless a reasonable time is inferred." 6 Pom. Eq. (3d Ed.) § 767; Welsh v. Williams, 85 Miss. 301, 37 South. 561. And where no time is fixed by the parties for the carrying out of a contract, the law implies that a reasonable time was agreed upon. Messer v. Ruff, 185 Ala. 236, 64 South. 51; Cotton v. Cotton, 75 Ala. 346–347. So the contract is not invalid because it fails to state when the balance of the purchase money is to be paid. It is urged, however, that the bill fails to set forth what kind of a deed complainant was to receive under the contract, and that therefore it is insufficient. It seems to me that in a court of equity respondent is estopped from making this objection. It ought not to lie in his mouth to say to complainant: "I made the contract with you to make a deed and took your money thereunder, but, as I did not specify what kind of a deed that I would make you, I will keep your money and not make you a deed of any kind"; but, if respondent would be permitted to make this objection, it will be of no avail, for the law is that the legal effect of a contract to make title or to deliver a deed to land under a contract of purchase is that the vendor shall make a good title. 39 Cyc. 1446, note 7, 1447, 1537, note 71; 29 Am. Ency. of Law (2d Ed.) 616. This right to a good title "is a right not growing out of the agreement of the parties, but which is given by law." Chapman v. Lee, 55 Ala. 620.

It has been held that the failure of a bill of this kind to allege when the money under a contract was payable does not make it demurrable. Ashurst v. Peck, 101 Ala. 500, 14 South. 541. Under the authorities cited, together with the averment that complainant went immediately into possession of the land, I am of the opinion that the check set forth in the bill was a sufficient written memorandum of the contract to take it out of the influence of the statute of frauds. But, even if this were not so, under the averments of the bill, complainant paid respondents part of the purchase price of the land, and was put in possession thereof, and is in possession now. By the express language of the fifth subdivision of the statute this was sufficient to prevent the application of the statute. L. & N. R. R. Co. v. Philyaw, 94 Ala. 463, 10 South. 83; Jones v. Gainer, 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52; Price v. Bell, 91 Ala. 180, 8 South. 565. And the fact that it is pleaded together with the alleged written memorandum does not make it repugnant thereto or variant therefrom. Eason v. Roe, 185 Ala. 74, 64 South. 55.

It is next urged against the bill by respondent J. E. Penney that it does not appear by the contract of sale that there should be an abatement of the purchase money because of the alleged dower interest of Kate M. Penney. The bill avers an agreement by Penney to convey the land and his refusal to do so. The bill containing equity as against this particular respondent for the specific performance of a contract, the complainant, on proper proof, is entitled to an abatement pro tanto of the purchase money. Bell v. Thompson, 34 Ala. 633.

The respondent Kate M. Penney demurs to the bill and insists that it does not appear therefrom that J. E. Penney was authorized in writing to contract to convey her interest in the land. In answer to this contention it is insisted by complainant that under the averments

of the bill both defendants were represented in the negotiations for the sale of the land, and that the portion of the consideration that was paid "was received by the defendants, and used and appropriated by them," and that complainant was put in possession of the land after said sale, and that therefore the sale is valid. Such averments would take the transaction outside of the statute of frauds. (Powell v. Higley, 90 Ala. 103, 7 South. 440), but another statute (Code, § 4494) prohibits the alienation of her lands by the wife without the assent and concurrence of her husband, such assent and concurrence to be manifested by his joining in the alienation in the mode prescribed by law; and our Supreme Court, in construing this statute in a case of this kind, has held that, unless the bill alleges such written authority, it must be held that the husband had no such authority, and that, unless he did have it, the contract was unenforceable against his wife (Wood v. Lett, 195 Ala. 601, 71 South. 177). It follows that Mrs. Penney's demurrer to the main feature of the bill should be sustained. The complainant seeks by averring in the alternative to get certain relief therein stated, and this alternative pleading is filed also against Mrs. Penney. When a bill contains alternative averments, the general rule is that each alternative must entitle complainant to relief. Sim's Ch. Prac. 217; Shannon v. Long, 180 Ala. 138, 139, 60 South. 273. Under the alternative averments in this bill, no relief can be had against Mrs. Penney. I am therefore of the opinion that grounds of demurrer 16, 17, and 18 filed by Mrs. Penney ought to be sustained, and that the demurrer filed by respondent J. E. Penney ought to be overruled.

Spragins & Speake, of Huntsville, for appellant.

E. W. Godbey, of Decatur, for appellee.

MAYFIELD, J. The bill in this case is by appellee against appellant and his wife to enforce specific performance of a contract to sell and convey certain lands or real estate. The defendants demurred to the bill, assigning various grounds therefor. The trial court overruled the demurrer of the appellant, and sustained that of the wife, and defendant appeals.

We are of the opinion the trial court was correct in overruling the demurrer.

[1] We find no substantial defects or faults as to the bill, as to the matters complained of, or otherwise of which this appellant can complain. If there be any defects of form or substance, which we do not affirm, such defects do not go to the bill as a whole, but only to parts thereof, and no demurrer points out any such defect as to any particular part thereof.

[2] While the defense of the statute of frauds is sometimes availing by demurrer, yet, if the facts stated in this bill are true—and on demurrer they are so treated—the statute of frauds is not violated, but the case falls clearly within the exception, whether raised by answer or plea.

[3] The bill alleges that a part of the purchase money was paid, and the vendee placed in possession. This being true, it is wholly immaterial whether the check in question —by which the part of the purchase price was paid—was sufficient or insufficient as a note or memorandum of the sale. No note or memorandum whatever is required of the contract of sale if a part of the purchase price is paid and the vendee put in possession. The great trouble with this check answering as a memorandum of the contract of sale is that it is not signed "by the party sought to be charged," unless, probably, the indorsement thereon could serve as such, as to which we do not intimate an opinion. As before stated, no writing whatever is necessary under the facts alleged in the bill.

The bill does allege an oral contract or agreement to sell and to convey, on a sufficient consideration, and that a part of the purchase money was paid, and the purchaser or vendee was put in possession of the lands sold.

[4] This contract is by no means void for uncertainty as to the terms of the agreement, or as to the description of the land to be conveyed. The bill clearly shows not only that the lands sold can be ascertained and made certain, but it shows that they have been made certain because it alleges that the defendants placed the complainant in possession. It is not at all necessary that the payment of the part of the purchase price, and the placing of the vendee in possession, shall be concurrent acts as to time or place. It is sufficient if both acts are performed by the proper parties before the attempt to enforce specific performance.

[5] When the bill shows a contract of sale and agreement to convey, which is definite and certain enough to be performed, it is not necessary that the bill should negative any other terms or conditions. If such there be, these are defensive matters availing only by plea or answer. A plaintiff is only required to show affirmatively a right to relief, or to recover; he is not required to negative all possible defenses.

[6, 7] It is true that no certain or definite time is fixed as to when the purchase price should be paid. It is, however, made certain by the delivery or offer to deliver a deed, and, if a tender of the purchase price is made, the duty then arises to make the deed.

The two acts of paying the purchase price and the delivery of the deed are in a sense concurrent acts, and either party is thereby given the right to demand performance of the other, and to place him in default if he refuses or fails to perform within a reasonable time. Neither party can be said to be in default until an offer is made by the other to perform. Of course, the offer by either party must be within a reasonable time, and unless the bill shows affirmatively that the offer was not made within a reasonable time, this would be defensive matter. The bill

here, we think, does not affirmatively show that the offer to pay was not made within a reasonable time.

If the time elapsing between the making of the contract and the offer to pay was unreasonable, the facts to show it was so unreasonable must be set up by plea or answer.

[8] It is very true that bills of this character require precision and certainty, both as to terms of contract of sale and of the land to be conveyed; but the bill in this case meets all the requirements of the law.

[9] While the right to specific performance is never an absolute right, yet courts of equity exercise a sound discretion, and will compel performance when the law will allow it, and the equity of the case made merits such relief. 7 Mayfield's Digest, 836.

It has been held by this court that as early as 1746 Lord Hardwicke said:

"The constant doctrine of this court is that it is in their discretion whether they will decree a specific performance, or leave the plaintiff to his remedy at law." 3 Atk. 388.

This doctrine has been steadily maintained down to the present time. Seymour v. Delancey, 6 Johns. Ch. (N. Y.) 222; Ellis v. Burden, 1 Ala. 458; 2 Story's Equity, 736–742.

"The question is, not what the court must do, but what the court may do, under the circumstances." This discretion is not an arbitrary assumption of authority, but a sound discretion, regulated, as near as may be, by general rules. Pulliam v. Owen, 25 Ala. 492; Sims v. McEwen's Adm'r, 27 Ala. 184; Casey v. Holmes, 10 Ala. 777.

[10] It is not necessary to authorize specific performance for a contract for the sale and conveyance of land to specify the character of deed to be executed, though such provision may be proper, and, if reasonable, will be enforced.

The learned trial judge wrote an able and elaborate opinion in which he cited and reviewed the authorities on the subject, which are applicable to this case, and, without binding ourselves by all that is said in the opinion, in the main it is sound, and we direct the reporter to set it out in the statement of the case, which will aid in the better understanding of this opinion.

We find no error, and the decree appealed from is in all things affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.