(88 South. 580)

**PENNEY v. LYLE.   (8 Div. 309.)**

(Supreme Court of Alabama.   April 7, 1921.)

**1. Specific performance ⊚⇒114(4) — Bill not open to attack as failing to show payment in time.**

Where a bill for specific performance of a contract for the sale of land alleged under videlicet that payment was due January 1, and that on January 10 payment was made by check and retained by defendant, the bill is not demurrable on the ground that it did not show payment or offer to pay within time, it not being alleged that time was of the essence of the contract, and defendant by accepting and retaining the check waived any delay.

**2. Specific performance ⊚⇒114(5)—Bill by purchaser held to sufficiently allege defendant's ownership.**

A bill for specific performance alleging that in August, 1915, at which time plaintiff purchased the land from his duly authorized agent defendant was the owner, and further alleging that plaintiff continued in possession until eventually defendant secured possession of the lands by force, is a sufficient averment of defendant's ownership at the time of suit.

**3. Specific performance ⊚⇒114(4)—Bill showing that vendor retained check given in payment which would be paid not objectionable as failing to show payment.**

In an action for specific performance of an oral contract for the sale of land, a bill showing plaintiff was put in possession of the land, and that defendant accepted and retained a check given in payment, is not objectionable, on the ground that it failed to show the payment of purchase money, where the bill further alleged that the check would be cashed if presented.

**4. Specific performance ⊚⇒41—Parol contract for the sale of land is taken out of the statute by payment of purchase money and surrender of possession.**

Where defendant's agent under parol authority entered into an oral contract with plaintiff for the sale of land, placing plaintiff in possession, and plaintiff continued in possession for several years, giving a check for the purchase price which was retained by the defendant and would have been honored if presented, the contract was without the statute of frauds (Code 1907, § 4289), and will be enforced by equity.

Appeal from Circuit Court, Morgan County; Robt. C. Brickell, Judge.

Bill by W. D. Lyle against James E. Penney for the specific enforcement of a contract to convey land. From a decree overruling demurrers to the bill, defendant appeals. Affirmed.

Eyster & Eyster and Tennis Tidwell, both of Albany, for appellant.

In a bill to specifically perform, complainant must show that he has performed in full

or his reason for nonperformance. 167 Ala. 475, 52 South. 423, 140 Am. St. Rep. 52; 75 Fla. 744, 79 South. 168; 36 Cyc. 778. His sending the check 10 days later did help his case. 135 Ala. 630, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49. The bill must show that the respondent was the owner and capable of conveying. 202 Ala. 690, 81 South. 666; 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17; 18 R. I. 672, 29 Atl. 998; 49 Am. St. Rep. 811; 92 Md. 371, 48 Atl. 161; 155 App. Div. 750, 140 N. Y. Supp. 639. The bill shows the contract was oral, and therefore void under the statute of frauds. 69 Ala. 354; 135 Ala. 630, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49. The bill does not sufficiently aver agency. 45 South. 173; 159 Ala. 462, 49 South. 76.

Callahan & Harris, of Decatur, for appellee.

Time was not of the essence of the contract. 185 Ala. 71, 64 South. 55; 89 Ala. 402, 8 South. 114, 18 Am. St. Rep. 126; 25 R. C. L. § 58. By retaining the check he waived the time. 187 Ala. 322, 65 South. 803, 1 C. J. 563–4; 86 Ala. 424, 5 South. 116, 11 Am. St. Rep. 51; 27 R. C. L. § 6, and authorities supra. Ownership was sufficiently alleged. 25 R. C. L. sec. 150; 36 Cyc. 777; 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17. The contract was not within the statute of frauds. 149 Ala. 164, 43 South. 13; 190 Ala. 446, 67 South. 255; 202 Ala. 690, 81 South. 666, Agency was sufficiently alleged. 159 Ala. 464, 49 South. 76; 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52.

MILLER, J. The complainant, W. D. Lyle, files this bill of complaint for specific performance of an oral contract made with Lamar Penney as agent of respondent, James E. Penney, for sale, made August 26, 1915, of this land: The west half of the southwest fourth of the northwest fourth of section 3, township 5, range 5 west—situated in Morgan county, Ala., for $10 per acre, aggregating $225, payable, to wit, January 1, 1917, and which was paid in full by check on, to wit, January 10, 1917, payable to respondent, drawn by W. D. Lyle on Morgan County National Bank of Albany, Ala.; complainant having been placed in possession of the land by respondent's agent under the contract of sale. Respondent was to make deed to complainant to the land when the purchase money was paid in full, which he now refuses to do.

The defendant demurs to the bill of complaint because it does not show payment or offer to pay the defendant for the land within time provided by the contract, and the bill fails to show he performed his part of the contract.

[1] The bill avers that the purchase money, $225, was to be paid on, to wit, January

1, 1917, and that on, to wit, January 10, 1917, it was paid in full by check of complainant payable to defendant; that defendant has the check, and has never presented it for payment. The defendant by accepting the check waived the time. The bill avers the time of payment and the time when paid by check under a videlicet, the difference being only 10 days, and the defendant, having accepted and kept the check, cannot now be heard to complain. The bill does not aver that time of payment was of the essence of the contract. Penney v. Norton, 202 Ala. 690, 81 South. 666; McFadden & Bro. v. Henderson, 128 Ala. 221, 29 South. 640.

[2] The defendant demurs to the bill also because it fails to aver that defendant was the owner of the land when it was filed. The bill avers that defendant owned and possessed the land on August 26, 1915, and that he purchased it that day from his duly authorized agent, and was placed in possession thereof by him and continued in possession of it under the contract of sale until "eventually respondent got possession of said lands by force during the month of March, 1920, and still holds the same." These averments of ownership are sufficient.

The defendant demurs to the bill, as it shows the contract is void because oral, and does not show that complainant has paid the purchase money in part or in full.

[3] The bill shows complainant was put in possession of the land. It shows that defendant has accepted his check signed by him for the full purchase money, and still retains it, and on presentation at the bank it will be paid. The defendant cannot complain by demurrer at this as long as he accepted the check for the purchase money and still retains it, and the bill shows it would be cashed by the bank if presented. Rovelsky v. Scheuer, 114 Ala. 419, 21 South. 785; Franklin v. Pollard Mill Co., 88 Ala. 318, 6 South. 685; Penney v. Norton, 202 Ala. 690, 81 South. 666.

[4] In Rovelsky v. Scheuer, 114 Ala. 419, 21 South. 785, the court says:

"The facts alleged, in other words, show a sale by an agent under parol authorization, payment of the purchase money, and a surrender of the possession to the purchasers. These facts, if proved, take the case out of the influence of the statute of frauds, and make a case of contract of sale specifically enforceable in a court of chancery. The demurrers to the bill were therefore properly overruled."

The record in that case shows that complainants "paid the balance of the purchase price to Max [agent] or Dora [the principal] by checks payable to the latter."

In this case the bill does not aver that Lamar Penney was duly authorized in writing by the defendant to make the sale of the land, and it is unnecessary under the allegations therein. The bill does aver and show a sale by Lamar Penney as agent for James E. Penney under parol authorization. It declares that "Lamar Penney was the duly authorized agent of the respondent with authority to negotiate and contract for the sale of the land, * * * and that he as such agent made the sale to complainant." The bill shows the entire purchase money for the land was paid by check of complainant, payable to defendant, and it was "delivered to Lamar Penney, as respondent's said authorized agent, in full payment and settlement of said lands according to said contract," and "that said check is still held and retained by respondent," and it will be paid by the bank if presented, and complainant was placed in possession of the land under the contract.

The defendant's agent sold the land to complainant, and put him in possession. The purchase money was paid in full by check payable to defendant, which he accepted and still holds, that will be paid by the bank. Defendant knew from August, 1915, to March, 1920, that complainant was in possession of the land under the contract of sale with his agent.

These facts alleged in the complaint, if true, show a contract made by defendant's agent with complainant, which the defendant authorized and ratified, that a court of equity will enforce.

The facts alleged in this bill, if proved, set up a contract that fully complies with the law as declared in and as is quoted above from the case of Rovelsky v. Scheuer, 114 Ala. 419, 21 South. 785; Franklin v. Pollard Mill Co., 88 Ala. 318, 6 South. 685; Penney v. Norton, 202 Ala. 690, 81 South. 666; section 4289, Code 1907; Sherman v. Sherman, 190 Ala. 446, 67 South. 255.

The defendant assigns demurrers to parts of the bill and errors of the court below in overruling them. The record shows cause submitted on demurrers of defendant to the original bill, and the court overruled the demurrers to the bill. There was no submission and no decree on demurrers to parts of the bill as shown by the record.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.