(104 So. 323)

## EMOND v. ROBISON. (6 Div. 304.)

(Supreme Court of Alabama. May 14, 1925.)

1. **Specific performance ⬅️43—Verbal contract for sale of real estate held not within statute, and to be specifically enforceable.**

Verbal contract for sale of real estate *held* not within statute of frauds, where purchaser was placed in possession by vendor, and paid a portion of purchase money, thus rendering contract specifically enforceable.

2. **Contracts ⬅️211—Time not regarded as of the essence of contract in equity.**

Generally, in equity, time is not regarded as of the essence of the contract.

3. **Specific performance ⬅️99—Of contract for sale of real estate would be decreed.**

Specific performance of contract for sale of real estate would be decreed, though purchaser was in arrears as to some of monthly payments on mortgage indebtedness, where it did not appear that time was of essence, or that vendor had any intention of terminating contract on account of such arrears.

4. **Specific performance ⬅️12—Refusal of purchaser to pay other indebtedness no good ground for vendor's refusal to execute conveyance.**

That purchaser of land is indebted to vendor on another account is no ground for latter's refusal to execute deed, unless such indebtedness be paid.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for specific performance by B. C. Robison against W. B. Emond and the Jefferson County Building & Loan Association. Decree for complainant, and respondent Emond appeals. Affirmed.

Clifford Emond and Davis & Locke, all of Birmingham, for appellant.

A decree must be sustained by both allegations and proof, and there must be no material variance between allegation and proof. 16 Cyc. 403; Hooper v. Strahan, 71 Ala. 75; N. Y. L. Ins. Co. v. McPherson, 137 Ala. 119, 33 So. 825. A contract depending upon a condition precedent will not be specifically enforced, unless the condition has been fully performed. 36 Cyc. 697; Farmer v. Sellers, 137 Ala. 112, 33 So. 829; Haggerty v. Elyton Land Co., 89 Ala. 433, 7 So. 651.

Clarence Mullins, Edgar Allen, Jas. K. McVey, and Frank Bainbridge, all of Birmingham, for appellee.

An oral contract for sale of land is valid, where purchaser takes immediate possession and pays part of purchase price. Penney v. Norton, 202 Ala. 690, 81 So. 666. When purchaser becomes delinquent in paying installments of purchase price and remains in possession, if vendor fails to declare a breach or attempt repossession in a reasonable time, he is estopped to prevent the purchaser from paying the balance due and demanding deed. Chavers v. Mayo, 202 Ala. 128, 79 So. 594; Veitch v. Woodward Ir. Co., 200 Ala. 358, 76 So. 124. Where complainant has been prevented from full performance by his adversary, it is sufficient to aver readiness and willingness on part of complainant. Campbell v. Lombardo, 153 Ala. 489, 44 So. 862; Taylor v. Newton, 152 Ala. 459, 44 So. 583; Jenkins v. Harrison, 66 Ala. 345; Stewart v. Cross, 66 Ala. 22; Ashurst v. Peck, 101 Ala. 499, 14 So. 541.

GARDNER, J. [1] This appeal is prosecuted by the appellant W. B. Emond, from a decree against him in favor of the appellee B. C. Robison, awarding specific performance of a contract for the sale of certain real estate described in the bill. The contract of sale was verbal, but complainant was placed in possession by respondent, and paid a portion of the purchase money, thus taking the case out of the influence of the statute of frauds, and rendering the contract specifically enforceable in a court of equity. Penney v. Norton, 202 Ala. 690, 81 So. 666; Penney v. Lyle, 205 Ala. 476, 88 So. 580.

Complainant purchased the property as a home, and, at the time of the agreement, was in the employ of the grocery firm of W. B. Emond & Son, a partnership composed of respondent and his son, the purchase price being $1,000. There was a mortgage on the

property, with a balance due of $477.87, to the Jefferson County Building & Loan Association, payable in monthly installments, which complainant assumed, there being several monthly installments on the mortgage indebtedness past due at that time. Complainant was placed in possession, and remained thereon several years, making 36 monthly payments on the mortgage indebtedness, and making certain designated improvements on the property. He was, however, in arrears as to some of the monthly installments when he obtained a purchaser for the property, and offered to pay in full the balance remaining due on the purchase price, which he insists he had a right to do, and which was not questioned by respondent, if complainant had not forfeited his purchase by reason of his defaults in these payments. Respondent declined to accept the payment of the balance due, and to execute a deed, unless complainant would also pay his indebtedness to the firm to W. B. Emond & Son. It is not pretended that this latter requirement formed a part of the agreement of purchase, and, upon complainant declining this proposition, respondent refused to execute the deed and accept the balance due. Hence this litigation.

[2-4] Respondent insists relief should be denied complainant upon the ground he was in arrears as to some of the monthly payments on the mortgage indebtedness. It is the general rule that, in equity, time is not regarded as of the essence of the contract, and there is nothing in the contract in question indicating otherwise. Forrester v. Granberry, 211 Ala. 402, 100 So. 551. Moreover, there was no indication on the part of the respondent to terminate the contract on account of such arrears, but, on the contrary, upon being notified thereof by the mortgagee, he promptly called complainant's attention thereto, that same might be paid by him, and thus treating the sale contract as of full force, and waiving any alleged forfeiture. Zirkle v. Ball, 171 Ala. 568, 54 So. 1000; Penney v. Lyle, 205 Ala. 476, 88 So. 580; Davis v. Folmar, 203 Ala. 336, 83 So. 60. His refusal to make the deed was, in fact, upon the ground that complainant did not agree to pay the indebtedness to the firm. This was a matter separate and apart from the purchase contract, and formed, of course, no sufficient excuse.

We are mindful of the degree of proof and strictness required in cases of this character. Sherman v. Sherman, 190 Ala. 446, 67 So. 255; Enslen v. Woodlawn Realty Co., 210 Ala. 40, 97 So. 80. No question as to the sufficiency of pleadings is presented, and we are persuaded upon a careful consideration of the record that complainant has made out his case substantially as alleged, and that the questions of variance suggested are not of material importance. Sherman v. Sherman, supra.

It results that we are in accord with the finding of the chancellor, and his decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.