176 So. 825

## ADAMS v. ADAMS.

### 4 Div. 965.

Supreme Court of Alabama.

Nov. 11, 1937.

Martin & Jackson, of Dothan, for appellee.

W. Perry Calhoun and Keener Baxley, both of Dothan, for appellant.

KNIGHT, Justice.

The bill in this cause was filed by J. W. Adams, appellee here, to enforce specific performance of an oral contract of sale of lands. From a decree for complainant the respondent, O. J. Adams, prosecutes the present appeal.

The appellant's assignments of error from 1 to 14 present for review the propriety of the court's action in overruling his demurrers to the bill of complaint.

It is averred in the bill that the respondent, appellant here, in December, 1926, entered into an oral contract to sell and convey to the complainant a certain 40-acre tract of land, at and for the sum of $1,000 "to be paid to the respondent from time to time, the agreement and understanding being that when the complainant paid to the respondent the sum of one thousand dollars ($1000.00) the respondent would execute a deed to complainant" conveying the land so contracted to be sold. It is further averred that at the time the contract was made the respondent put the complainant in possession of the land under said contract of sale; that thereafter in the year 1927, and from time to time, the complainant made

28

payments to the respondent on the purchase price of said land and that on December 17, 1934, the respondent and complainant reached an agreement as to the balance due by complainant to respondent on the purchase price of said land, and that complainant thereupon paid the agreed balance to respondent. That this last-mentioned payment fully paid the contract price of said land. That after making his final payment for said land, the complainant called upon the respondent to execute to him a deed of conveyance; that respondent at first agreed to comply with his request but failed to do so. Thereafter complainant made repeated requests for deed, but the respondent still refused and declined to execute the same.

█ The bill alleges an oral contract to sell and convey the land, on a sufficient consideration, which had been fully paid, and that the purchaser was put in possession of the lands. While it appears that no certain or definite time was fixed as to when the purchase price was to be paid, yet it fully appears that the entire purchase price had been paid. The bill, therefore, was sufficient and not subject to any grounds of demurrer directed thereto.

█ A parol sale of land is excepted from the influence of the statute of frauds, section 8034, when the purchase money, or a portion thereof, is paid and the purchaser is put into the possession of the land by the seller. City Loan & Banking Co. v. Poole, 149 Ala. 164, 43 So. 13; Louisville & N. R. R. Co. v. Philyaw, 94 Ala. 463, 10 So. 83; Jones v. Gainer, 157 Ala. 218, 47 So. 142, 131 Am.St.Rep. 52; Price v. Bell, 91 Ala. 180, 8 So. 565; Penney v. Norton, 202 Ala. 690, 81 So. 666; Cox v. Lerman et al., 233 Ala. 58, 169 So. 724; and West v. McKay, 225 Ala. 397, 143 So. 573.

█ While it is true that both acts, payment of the purchase price, or a part of it, and putting the purchaser in possession, must concur to save the purchase from falling within the influence of the statute of frauds, these two acts need not be contemporaneous. If the purchaser is put in possession and thereafter pays the purchase money, or a part of it, or if he pays the purchase money, and is thereafter put into possession, the transaction is removed from the influence of the statute of frauds. City Loan & Banking Co. v. Poole, supra; Sherman v. Sherman, 190 Ala. 446, 67 So. 255; Louisville & N. R. R. Co. v. Philyaw, supra; and Penney v. Norton, supra.

It follows, therefore, that the court committed no error in overruling respondent's demurrer.

It is next insisted that the court committed error in granting the relief prayed.

The litigation is between son and father and presents a rather sad spectacle.

█ The testimony offered by the complainant, son of the respondent, tended to show that his father in 1926 contracted to sell to him a certain 40-acre tract of land in Houston county for the sum of $1000, a part to be paid annually, or sooner, and that when the payments were concluded the father agreed to make a conveyance to the son. The complainant's testimony tended to show that the purchase price had been paid in full, but that the father, when called upon to execute a conveyance, declined to do so. The son's contention is borne out by a number of witnesses, including his mother. His mother testified to the contract of sale, and that the purchase money had been paid, and that the complainant had been put in possession of the land. In fact, the mother signed the deed to the son, and importuned her husband to carry out his agreement by executing the conveyance. There does not appear in the evidence anything to show that any friction existed between the respondent and his wife, who testified for the son. In fact, the evidence negatives any suggestion that the respondent and his wife were not on the very best of terms. Certain it is, she was living with him, and apparently their relations were such as should exist between husband and wife.

The testimony offered by the respondent tended to disprove that he had made the contract of sale, or had put the complainant in possession of the land.

While we are mindful of the degree of proof and strictness in cases of this character, Allen v. Young, 88 Ala. 338, 6 So. 747, yet we are fully persuaded, and satisfied that the proof abundantly supports the averments of the bill, and that the complainant was entitled to have the court decree specific performance of the contract. This was the conclusion reached by the trial court, and it follows that the decree appealed from is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.