58 So.2d 454

**SALTER et al. v. CARTER.**

**7 Div. 52.**

Supreme Court of Alabama.
April 17, 1952.

Young & Young, Anniston, for appellants.

Ross Blackmon, Anniston, for appellee.

LIVINGSTON, Chief Justice.

This suit was instituted in the Circuit Court, in Equity, of Calhoun County, Alabama, by the alleged purchaser, seeking the specific performance of an oral contract for the sale of land, and an injunction restraining the further prosecution of an unlawful detainer suit by the alleged sellers of the land. A temporary injunction was issued in accordance with the prayer of the bill, but it does not appear that a permanent injunction was ever decreed by the court below. But the injunction feature of the decree is not questioned on this appeal.

The original bill was filed by Landers C. Carter, and as finally amended, against Dr. W. M. Salter and Roberta Y. Salter, his wife. The bill, as well as the several answers of the respondents, was amended several times.

The answers of the respondents as last amended, raised the following issues: (1) the general issue; (2) the terms of the oral contract of sale; (3) a release of complainant's interest in the land by an attorney who represented complainant in the unlawful detainer suit mentioned, and also a suit for specific performance of the oral contract of sale and which was filed prior to the filing of the instant suit; (4) the rescission of the oral contract of sale; and (5) the establishment and foreclosure of a vendor's lien on the property involved.

The cause was submitted for final decree upon evidence taken *ore tenus* before the trial court. That court's finding of facts is, of course, attended with the usual presumption of verity. Crittenden v. Crittenden, 256 Ala. 219, 54 So.2d 489; Marks v. Marks, 254 Ala. 612, 49 So.2d 166.

The decree of the court below is, in pertinent part, as follows:

"The Court finds from the evidence that the Complainant and Respondents entered into an agreement for the sale of the property described in the Bill of Complaint as amended and that the purchase price agreed upon was the sum of Six Hundred Twenty Dollars, and that One Hundred and Twenty Five Dollars of which was to be paid in cash and the balance at the rate of Fifteen dollars per month, with interest from date at the rate of six percent per annum, and that it was mutually agreed between the parties that upon the failure of the Complainant to pay the installments as they matured that the Respondents might, at their election, declare the conditional sales contract forfeited and apply the amounts so paid as rent.

"The Court further finds that the Complainant did default in the payment of some of the installments which were due during the year 1945, and that the Respondents were entitled to declare the contract forfeited for nonpayment of these installments if they had promptly taken steps so to do; however the Court finds from the evidence that whatever forfeiture rights the Respondents had were waived by reason of the fact that the Respondents continued to receive payments long after the forfeiture rights had accrued, and that many of these payments were made after said date, and receipts given therefor by the Respondent, W. M. Salter, said receipts specifically stating that the money was paid on the purchase price of the property, one of said receipts being dated June 29, 1946 and signed by the Respondent, W. M. Salter.

"From the fact of the receipt of payments after the alleged right to forfeit the contract for nonpayment of installments, the Court finds that the alleged forfeiture was waived.

"The Court is further of the opinion that in view of the fact that the Respondents allowed the Complainant to continue to make payments under this contract until the Complainant had paid to the Respondents a sum in excess of Six Hundred Dollars on the total purchase price of Six Hundred and Twenty Dollars, that it would be inequitable to allow a forfeiture in this case, and that the Complainant is entitled, upon the payment of the arrears in interest, taxes and insurance on the said property that have been paid by the Respondents, to receive deed from the Respondents to the said property.

"The Court further finds that the alleged agreement made by Charles Thomason, as attorney for the Complainant, attempting to agree to a forfeiture of the conditional sales contract upon which this suit is based, was done under compulsion, and that at that time over six hundred dollars had been paid on the said contract, and that it would be inequitable to allow the Respondents to declare a forfeiture at said date; especially is this true since there was pending in the Circuit Court of Calhoun County, Alabama, in equity, a suit by Landers C. Carter against W. M. Salter, seeking to enforce specific performance of the conditional sales contract involved in this suit, and no authority is shown in the said attorney to compromise the said suit for specific performance.

"In view of the foregoing finding of facts the Court is of the opinion that the Complainant is entitled to the relief prayed for in the Bill of Complaint, and that the amount of the indebtedness due by the Complainant to the Respondents at this time is $83.52, to which should be added the sum of $12.38 for insurance paid by the Respondents, and the sum of $47.52 for taxes, making a total of $143.52, and the Court finds

that the indebtedness due to the Respondents by the Complainant is $143.42."

The evidence fully substantiates the finding that there existed an oral contract between the parties. The purchase price of the property was $620, of which $125 was to be paid in cash and the balance with 6% interest in monthly installments of $15. It also appears that the parties mutually agreed that upon failure of appellee to pay any installment, the appellants could declare a forfeiture of the contract, treating the amount paid as rent. Such a contract for the sale of land, even though oral, is not repugnant to the statute of frauds and is enforceable where the purchaser has been put in possession and has paid part of the purchase price. Title 20, § 3, Code of 1940; Emond v. Robison, 213 Ala. 150, 104 So. 323; Penney v. Lyle, 205 Ala. 476, 88 So. 580.

However, it is insisted by appellants that the contract was forfeited by the appellee's default in the monthly payments and has been rescinded and changed to a rental agreement by mutual consent.

The evidence shows that in 1945 appellee did default in his payments. Thereupon there arose the right in appellants to declare a forfeiture of the contract. But that right was not exercised. Subsequent to this default, appellants received payments from appellee, giving a receipt with the notation, "on house purchase." Further, appellant, W. M. Salter, who was acting as agent for his wife in whose name title to the property stood, testified in this case that, as late as 1948 he and appellee discussed the amount remaining due on the contract. At that time appellee produced his receipts and appellant, W. M. Salter, gave appellee credit for certain receipts which were not credited to him on Salter's books. Such evidence and testimony of appellant himself is clear to the effect that the parties still recognized the existence of the contract, and that there had been a waiver of any rights in the vendors to declare a forfeiture of the contract. France v. Ramsey, 214 Ala. 327, 107 So. 816; Bessemer Coal, Iron & Land Co. v. Bullard, 215 Ala. 433, 111 So. 5.

Appellants introduced into evidence a document which reads as follows:
"Anniston, Ala.
"January 21st 1949
"This agreement witnesseth: That whereas the undersigned Landers Carter has occupied the premises known as 318 East H. St in the City of Anniston, and has defaulted in any and all agreements as to rent for the use of said property, and

"Whereas said premises belong to Mrs. Roberta Y. Salter, and

"Whereas there is pending a suit for the possession of the premises, and

"Whereas the parties hereto have agreed that any and all claims between the parties hereto have this day been settled, and

"Whereas the said Carter desires to remain in the possession of the said premises and the tenant of the said Roberta Y. Salter,

"Now therefore it is agreed that the parties hereto release and discharge one from the other any and all claims concerning the use the use and possession and the premises arising prior to this date. It is further agreed that the said Carter has this day rented the premises from the said Mrs. Salter at and for the sum of ten dollars per month, payable in advance beginning on the first day of February, 1949, at the office of Dr. W. M. Salter, her agent at No. 115 East 12th St.
"(s) Landers Carter
"By Charles Thomason
"Roberta Y. Salter, By
"(s) W. M. Salter, Her Agent."

Upon this evidence and the testimony of appellant, W. M. Salter, appellants base their theory that the parties mutually agreed to rescind the contract of sale and agreed to a rental contract. Appellee testified that he did not authorize the attorney to execute the instrument, in fact, had never seen it. There is no written authority. It was for the trial court to find whether the attorney was so authorized. It is of course the rule that an attorney cannot compromise his client's case or prejudice any rights he might have by an au-

thorized agreement. Birmingham Electric Co. v. Cochran, 242 Ala. 673, 8 So.2d 171; National Bread Co. v. Bird, 226 Ala. 40, 145 So. 462.

The decree grants specific performance of the contract. Upon payment of an amount found by the court to remain due on the contract, appellee is entitled to a deed to the property.

After a careful examination of the evidence we are unable to say that the decree of the trial court is palpably erroneous.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.