73 So.2d 362

**EDDLEMAN et al.   v.   CADE et al.**

**6 Div. 424.**

Supreme Court of Alabama.

March 25, 1954.

Rehearing Denied June 17, 1954.

Morel Montgomery, Birmingham, for appellants.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellees.

GOODWYN, Justice.

Pat and Mary H. Cade appellees, filed a bill of complaint in the circuit court of Jefferson County, in equity, against Alethia and Daniel T. Eddleman, appellants, seeking specific performance of an agreement for sale of a house and lot "located at No. 1816 Center Street, South, otherwise known as lot 6, block 3, first addition to Lincoln Park". This appeal is from the final decree ordering specific performance.

The theory of the bill, as last amended, is that the Cades entered into an agreement with the Eddlemans for purchase of said property for $8,000, payable $1,000 cash, with the balance to be secured by a 20-year purchase money mortgage to be paid in equal monthly installments of $46.20 each, which includes interest at 5%; that the Cades paid the Eddlemans the $1,000 on said purchase price and were put in possession of said property. The position taken

by the Cades is that, irrespective of any written agreement, they are entitled to specific performance since they have paid a part of the purchase price and have been put in possession of the property, thus taking the transaction outside the statute of frauds. Code 1940, Tit. 20, § 3, Subdiv. (5), as amended by Act No. 645 appvd. Sept. 4, 1951, Acts Ala.1951, p. 1109 (the amendment has no bearing on this case). This statute, to the extent here pertinent, provides as follows:

"§ 3. Certain contracts to be in writing, else void.—In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:

\* \* \* \* \* *

'(5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller."

The position taken by the Eddlemans is that title to the property is in Daniel and that he did not authorize Alethia to enter into the alleged agreement for sale, nor to receive any part of the purported purchase price, nor to put the Cades in possession of the property.

■ Thus, there is presented for review a question of fact as to Alethia's authority to act for her husband, Daniel. The trial judge, after hearing and seeing the witnesses testify orally before him, concluded from the conflicting evidence that Alethia was clothed with authority to act for and bind Daniel, and that she did bind him. There is ample evidence to support such finding. No good purpose would be served by attempting a detailed analysis of the evidence. Suffice it to say that we have carefully examined the evidence and have considered and discussed it fully in consultation. When, as here, testimony is taken orally before the court, and is in conflict, a finding thereon by the court has the weight and effect of a jury's verdict and will not be disturbed on appeal unless plainly and palpably wrong or against the great preponderance of the evidence. Lucas v. Lucas, 258 Ala. 515, 519, 520, 64 So.2d 70; Spruiell v. Stanford, 258 Ala. 212, 216, 61 So.2d 758. We are unwilling to say that the trial court's decision should be disturbed under the authority of this rule.

■ It is firmly established in this jurisdiction, by virtue of the exception provided by subdivision 5 of the statute of frauds, Code 1940, Tit. 20, § 3, supra, that where, under a contract for sale of lands, the purchase money or a portion thereof, is paid, and the purchaser is put into possession by the seller or his duly authorized agent, no writing evincing the contract of sale is necessary to the validity of the contract. Salter v. Carter, 257 Ala. 216, 219, 58 So.2d 454; Nolan v. Moore, 254 Ala. 74, 77, 78, 46 So.2d 825; Adams v. Adams, 235 Ala. 27, 176 So. 825; Emond v. Robison, 213 Ala. 150, 104 So. 323; Penney v. Lyle, 205 Ala. 476, 477, 88 So. 580; Jones v. Gainer, 157 Ala. 218, 220, 47 So. 142, 131 Am.St.Rep. 52; Rovelsky v. Scheuer, 114 Ala. 419, 422, 21 So. 785.

■ As we see it, this case falls within the influence of the principles approved in Jones v. Gainer, 157 Ala. 218, 220, 47 So. 142. It was there said:

"The case made is clearly within the exception provided by subdivision 5 of the statute of frauds (section 4289, Code 1907) [Code 1940, Tit. 20, Sect. 3, Subdiv. 5, supra], unless the agent's authority to put complainant in possession was required to be in writing. The plain purpose of the exception was to make valid all verbal contracts for the sale of lands, or of any interest therein, where the purchaser pays the purchase money, or a portion thereof, and is put in possession by the seller. In short, where the purchase money or a portion of it is paid, and the purchaser is put in possession by the seller, no

writing evincing the contract of sale is necessary to the validity of the contract. The factum of a contract of sale, the payment of the purchase money, and the putting of the purchaser in possession may be shown by testimony independent of any writing. If these matters may rest in parol, there is no good reason for holding that the principal may not orally delegate the authority to his agent to put the purchaser in possession, or may not orally ratify such act if done without authority. There is nothing in the language of this subdivision of the statute, or in its policy, which requires such a delegation of authority to be in writing, or which prevents the application of that familiar maxim of the law, 'Qui facit per alium facit per se.' "

The decree of the trial court is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.

On Petition for Rehearing

GOODWYN, Justice.

█ Argument is now made that the trial court erred in its finding of fact that the property was not the homestead of the Eddlemans. The import of the insistence is that if the property was their homestead, it could not be alienated without compliance with Code 1940, Tit. 7, § 626; that the requirements of this statute were not met and that, therefore, the transaction with the Cades was wholly ineffectual to bind the Eddlemans. While the assignment of error presenting the question was set out in appellants' brief there was no discussion of it. In that situation we considered the point as waived. Morgan County v. Hill, 257 Ala. 658, 659, 60 So.2d 838; Alabama Power Co. v. Thompson, 250 Ala. 7, 10, 32 So.2d 795, 9 A.L.R.2d 974.

██ The trial court's finding was that the Eddlemans had "abandoned said proper-ty as a homestead by moving to Detroit, Michigan, as a permanent place of domicile". The question of abandonment was one of fact, and we think the finding in that respect was well sustained by the proof taken orally before the trial judge. To be sure, we cannot say that the finding was "plainly and palpably wrong or against the great preponderance of the evidence." Lucas v. Lucas, 258 Ala. 515, 519, 520, 64 So.2d 70, supra; Spruiell v. Stanford, 258 Ala. 212, 216, 61 So.2d 758, supra.

Opinion extended and application overruled.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.