## POWELL *vs.* HADDEN'S EXECUTORS.

1. When one enters into the possession of land under a contract of purchase, and afterwards agrees to pay rent for the year in consideration of the rescission of the contract, the agreement creates the relation of landlord and tenant, and gives the landlord a lien upon the crop, and the right to enforce it in a proper case by process of attachment.

2. The lien for rent under the statute applies to crops grown on the land after the relation of landlord and tenant is established, although they may have been planted previously to the existence of that relation.

3. When the contract of purchase is rescinded after the vendee has taken possession of the land, and he agrees to pay rent for the year in consideration of the rescission, it is immaterial, so far as the landlord's lien for the rent already accrued is concerned, whether any accrues after the rescision of the contract.

4. In a trial of the right of property, the assessment by the jury of the value of the property is mere surplusage.

5. When the judgment entry describes the plaintiffs in *attachment* as "plaintiffs in *execution*," and declares that the property levied on was found "subject to plaintiffs' *execution*," instead of "*attachment*," the error is a mere clerical misprision, and will be considered as amended in the Appellate Court.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. TURNER REAVIS.

This was a trial of the right of property to some corn and cotton, which was taken under attachment as the property of one Samuel Lewis, at the suit of Elizabeth Hadden, and was claimed by Powell, the plaintiff in error. Mrs. Hadden died pending the suit, and it was revived in the name of her executors, the defendants in error.

There was testimony tending to show, that Mrs. Hadden had sold to said Lewis a certain tract of land, had executed to him her title bond, and had taken his notes for the purchase money; that about the first of August, 1846, Lewis proposed to Mrs. Hadden's agent that they should rescind the contract, to which the agent assented, upon the agreement on the part of Lewis to pay rent for the land; that this agreement of rescission was not consummated, until sometime in October following, when the notes and title bond were respectively surrendered. The corn and cotton in controversy were the produce of this land during the year 1846.

There was also evidence tending to show, that Powell,
48

about the first of August, 1846, had purchased from Lewis his crop of that year, to be paid for in goods, a part of which had already been received by Lewis, and the remainder to be afterwards taken up by him at Powell's store. It was proved that the month of October, when the contract of purchase was rescinded, was earlier than the conclusion of cotton picking time. The attachment was levied in January, 1847, before the crop had been removed from the land; but there was no further proof, as to whether Lewis continued to occupy the land after the rescission aforesaid.

On this state of facts, the court charged the jury: "That, if they were satisfied from the evidence that the contract for the sale of the land, between Lewis and Mrs. Hadden, was rescinded in October; that Lewis agreed to pay rent from that time, as well as from the time of purchase; that the cotton in controversy was growing or ungathered upon the premises, at the time of the agreement to pay rent; and that the agreement to pay rent was made before the completion of the sale to the claimant; then the cotton was subject to the attachment;" to this charge there was no exception.

The claimant asked the court to charge the jury as follows:

"1. That the landlord has no lien for rent under the statute, except for crops grown on the land after the relation of landlord and tenant has begun to exist." This charge the court gave, but with this explanation: That the court did not mean by the term "grown" that the crop must be planted after the relation of landlord and tenant has commenced; but that, if the crop is growing or ungathered upon the rented land, when such relation commenced, a lien attached upon it for the rent which accrued from that time.

2. If the jury believe that, upon the rescission of the contract in October, it was agreed between Lewis and Mrs. Hadden's agent that that was a final settlement between her and Lewis, then, in the absence of further proof, this would rebut the presumption that Lewis remained on the land until the end of the year. This charge the court also gave; but told the jury, that, if they believed from the evidence that Lewis agreed to pay rent from the time of the contract of purchase, it was not material, whether he remained on the land until the end of the year or not.

3. That, in the absence of proof that Lewis remained on the land after the rescission of the contract of sale, in October, 1846, no presumption would arise that he remained on the land, as tenant, after that time. This charge the court also gave; but told the jury, that, if they were satisfied from the evidence that Lewis was to pay rent from the time the contract of sale was rescinded, as well as from the time of the contract of sale, it was not material, whether he remained on the land after that time, as tenant, or not."

The defendant excepted to each explanation and qualification of the charges asked.

The judgment entry is as follows, after the usual recitals: "Upon their oaths do say: 'We, the jury, find the issue in favor of the plaintiffs in execution, and that the lot of corn and cotton is subject to the plaintiffs' execution; and we assess the value of said lot of corn and cotton, at twenty dollars. It is, therefore, considered by the court, that said lot of corn and cotton, of the value aforesaid, be adjudged and considered subject to the plaintiffs' execution, and condemned to satisfy the same,'" &c.

The errors assigned are:

1. That the court erred, in rendering judgment on the verdict, as shown by the record, against the plaintiff in error;

2. That the court erred, as shown by the bill of exceptions.

BELSER & RICE, for plaintiff in error.

R. H. SMITH, contra.

PHELAN, J.—The argument of the counsel for plaintiff in error, contending that the process of attachment, given by statute for the recovery of rent, does not lie except in cases where the relation of landlord and tenant exists; and further, that this relation is not created between vendor and vendee of land, when the vendee has occupied the land, and a rescission of the sale afterwards takes place, and there remains an unsatisfied demand for use and occupation, may be conceded to be true, and yet, not affect a case where that very relation is created by the contract of the parties. The proof in this case was, that, as an inducement on his part to procure the consent of Mrs. Hadden to rescind the contract for the sale of

the land, Lewis agreed to pay rent for the land. By this, the relation of landlord and tenant was created by express agreement. To agree to pay for the use and occupation of the land *eo nomine*, to pay rent, was to agree to establish between them the relation of landlord and tenant, and to bring with it, among other incidents, a lien upon the crop, and the right to the process of attachment in a proper case to enforce that lien. Clay's Dig., 506.

Against the correctness of the explanation given by the judge to the first charge asked, it is insisted, that the charge as qualified is affirmative, and entirely overlooks the defence set up by Powell, that there had been a *bona fide* sale of the crop to him before the rescission was consummated, even if it should be admitted that the relation of landlord and tenant was created by the agreement to rescind the contract for the sale of the land.

In the first place, the charge is not affirmative in the sense in which I understand that term; certainly it is not a charge like that which is called an affirmative charge in the case of Roland & Heifner v. Ladiga, 21 Ala. The court was requested by the counsel for Powell to charge that "the lien for rent under the statute" only existed in respect "to crops grown on the land after the relation of landlord and tenant has begun to exist." This charge the court gave; but explained to the jury, that they were not to understand by these words that the crop must be planted or first begin to grow, after the relation begun to exist, to make a lien good, but, that if the crop was then " growing or ungathered on the rented land," the lien attached, although it may have been planted previous to the existence of such relation. Now this charge is alleged to be erroneous, because it takes no notice of the defence set up by Powell, that he had purchased this crop of Lewis before Lewis agreed to pay rent to Mrs. Hadden on the rescission of the contract between them for the purchase of the land. The charge asked made but a single point, and the court, in the explanation which it gave, did not embrace any other, nor was it bound to do so. The explanation was proper.

That the defence set up by Powell was not overlooked in the instructions given to the jury is manifest, when we con-

sider the entire bill of exceptions. The court did give an affirmative charge, to which no exception was taken. In order to authorize them to find the corn and cotton subject to Mrs. Hadden's attachment, they were told, that they must be "satisfied from the evidence," amongst other things, "that the agreement (of Lewis) to pay rent was made before the completion of the sale to the claimant" (Powell) of his crop by Lewis. That defence then was no doubt fully considered by the jury.

The qualifications given to the two other charges asked of the court by plaintiff in error, are entirely proper, in view of the testimony relating to the rescission of the contract of sale between Lewis and Mrs. Hadden and his agreement to pay rent. The substance of both was, that it did not matter whether Lewis remained on the land or not after the rescission in October, so far as plaintiff's lien on the crop was concerned, if he agreed to pay rent for the land from the time of the making of the contract of purchase in January; the meaning of which I take to be this, speaking to the jury: If you find the crop subject to a lien for rent, which accrued before October, it does not matter, so far as this issue is concerned, whether any accrued after October or not. There was no error in this.

In Seamans v. White, 8 Ala., 656, it has been decided, that the assessment of the value of the property in a trial of the right of property, growing out of the levy of an attachment, is mere surplusage at all times. This disposes of the objection made to the verdict as assessing the value of the corn and cotton together, and not separately. It was not proper to do it either way.

The judgment below, describing the defendants in error as "plaintiffs in execution," instead of "plaintiffs" simply, or "plaintiffs in attachment," and declaring the property levied on to be subject to the plaintiffs' execution, instead of subject to plaintiffs' attachment, presents in these particulars mere clerical misprisions, which will be considered as amended.

The judgment below is affirmed.