(107 So. 816)

**FRANCE v. RAMSEY et al.** (7 Div. 623.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Vendor and purchaser ☞95(2)—Vendor, under executory contract for sale of land, by accepting past-due payments, held to waive right to declare forfeiture because of further defaults.**

Vendor, under executory contract for sale of land, by allowing vendee to catch up with past-due payments and continuing to accept payments, *held* to thereby waive right to declare forfeiture because of further defaults.

**2. Payment ☞48.**

Payment on a contract per se implies continued existence of contract.

**3. Vendor and purchaser ☞95(2)—On vendor's asserting right of forfeiture after accepting past-due payments, vendee may maintain bill for redemption and specific performance, on offer to pay balance due on debt.**

Where vendor, under executory contract for sale of land, agreed to allow vendee time to catch up with past-due payments and continued to accept payments, and thereafter asserted right of forfeiture for continued defaults, vendee may maintain bill for redemption and specific performance, on offer to do equity by payment of balance due on debt, including accessions which vendee was due to pay under contract.

**4. Appeal and error ☞931(1)—Presumption obtains in favor of findings of fact of courts, where testimony of immediate parties was taken orally before court.**

Where testimony of immediate parties having knowledge of facts was taken orally before court, on appeal, presumption in favor of court's findings of fact must obtain.

**5. Vendor and purchaser ☞85—Evidence held not to show agreement to rescind.**

In bill by vendee for specific performance of executory contract for sale of land, defended on ground that vendee had abandoned contract and became tenant by payment of rents, evidence *held* not to show agreement to rescind sale contract, but that understanding as to payment of rents was coupled with understanding that vendee should complete his purchase, and that relation of landlord and tenant was temporary and conditional.

**6. Landlord and tenant ☞63(1)—Rule that tenant during tenancy cannot question landlord's title does not prevent tenant from showing entire agreement and asserting his rights according thereto.**

General rule that tenant cannot question title of landlord pending tenancy does not prevent tenant from showing entire agreement under which he holds, and asserting his rights according thereto.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by Jesse France against Oscar Ramsey and Melissa Drake. From a decree dismissing the bill, complainant appeals. Reversed, rendered, and remanded.

Rutherford Lapsley, of Anniston, for appellant.

The complainant, in possession as a vendee under contract for the purchase of the lands, is entitled to specific performance. 3 Elliott on Contr. §§ 2287, 2301, 2337. Waiver of right to forfeiture of a contract may be without new consideration, or by estoppel, where the evidence shows conduct from which it may be reasonably implied that it was not the purpose of the parties to insist upon a forfeiture. Hodge v. Joy, 92 So. 171, 207 Ala. 198. The conduct of the defendant, leading complainant on to make further payments, conduces to a waiver of forfeiture. Price v. Hendricks, 92 So. 431, 207 Ala. 267.

Theo. J. Lamar, of Birmingham, for appellees.

The court heard the testimony orally, and on appeal its finding will not be disturbed. Wilkerson v. Sorsby, 94 So. 481, 208 Ala. 345. The subsequent agreement to pay rent created a new relation of landlord and tenant. Powell v. Hadden, 21 Ala. 745; Rainey v. Capps, 22 Ala. 288; Smith v. Ingram, 8 So. 144, 90 Ala. 529. The tenant cannot dispute his landlord's title without surrendering possession. Davis v. Williams, 30 So. 488, 130 Ala. 530, 54 L. R. A. 749, 89 Am. St. Rep. 55.

BOULDIN, J. The bill is for specific performance of an executory contract for the sale of real estate, brought by the vendee against a person succeeding to the position of the vendor under the contract.

The contract in writing, signed by the parties, is a form of lease-sale contract, the purchaser paying a small cash consideration, balance in small long-term installments, payable monthly, evidenced by interest-bearing notes, and with stipulation that upon default for 60 days in payment of any note, or failure to keep the property in repair, pay taxes, and assessments and keep insurance in force, the vendor may, at his option, declare the contract one of rental and apply all payments theretofore made to past rents, and requiring surrender of possession on ten days' demand in writing.

Without controversy, complainant France had paid some $300 on the purchase price of $1,000 when respondent Ramsey purchased the property from Ledbetter, the vendor. France was then in arrears for several months, and it was agreed between him and Ramsey that he should have time to catch up the past-due payments. Local assessments of some $144 were imposed for betterments to the property, which were paid by Ramsey and time given France to meet them. Some substantial improvements were made upon

the property, the residence of complainant, aggregating $150 to $250 in value. France, under these conditions, made frequent small payments through the years 1922–1924, applied on the debt, taxes, assessments, and insurance, aggregating $375 to $500.

[1-3] Clearly there was a waiver of the forfeiture clause of the contract. Payment and receipt of purchase money on such contract is within itself a renewal of the contract as to any past ground of forfeiture. Payment on a contract per se implies the continued existence of the contract. Such course of dealing, inducing the vendee to go on paying until he has parted with a large portion of the consideration on the faith of perfecting title, is in equity a waiver of the right to declare a forfeiture, much disfavored in equity, because of further defaults. The position of the vendor becomes more analogous to that of a mortgagee; and if the vendor for continued default asserts a right of forfeiture, the vendee may maintain a bill for redemption and specific performance upon offer to do equity by payment of the balance due upon the debt, including accessions which the vendee was due to pay under the contract. Adams v. Smith, 94 So. 521, 208 Ala. 498; Hodge v. Joy, 92 So. 171, 207 Ala. 198.

[4] Appellee insists these principles do not apply for this: That prior to the bringing of this suit the contract was rescinded, canceled or abandoned; that the vendee, agreeing that he was unable to pay the place out, contracted to hold the place as tenant of the vendor, and paid rent accordingly. The decree of the court below is based upon this view. In dealing with this question, we observe that much of the testimony, that of the immediate parties having knowledge of the facts, was taken orally before the court. The usual presumption in favor of his findings of fact must obtain. Wilkerson v. Sorsby, 94 So. 481, 208 Ala. 345.

Looking to the evidence relating to payment of rents alone, the decree of the court is fully supported. This testimony goes to the effect that, about the close of the year 1924, the vendee being in arrears, the vendor suggested to him he could not pay the place out, and demanded payment of rent, agreeing that if he would pay the rent he could remain on the place, and the vendor would not sell it; that this was agreed to and rents paid for two months. But the right decision of the case turns upon other evidence in connection with the same transaction.

[5] A careful study of the evidence leads us to the clear conclusion that there was no meeting of the minds of the parties on the idea of an absolute abandonment and rescission of the contract of sale. Complainant, although at variance with respondent touching an agreement to pay rents, further testifies that at the same time he requested a statement of the amount due on the debt, was

promised it would be furnished, and that he could go on and pay it out.

Several circumstances tend to corroborate this evidence. Although the vendee had been making payments on the notes for more than two years, none of them had ever been canceled and surrendered to him. This practice is not to be commended, especially in dealings where the vendor has a dominant position in the transaction. Neither was there any surrender nor offer to surrender the notes upon the alleged wiping out of the entire debt by rescission and cancellation of the contract of purchase, nor was there any surrender or demand for surrender of this contract in the hands of the vendee. It is not likely that parties intend to undo and wipe out all relations of vendor and purchaser and at the same time retain the evidence of a continuing debt and the evidence of purchase. The circumstances strongly indicate an intense desire and purpose of complainant to complete payment and obtain title to his home. His prompt interview with respondent, offer to pay and actual payments following outside information that the property was about to be sold, emphasize this view. The testimony of respondent on cross-examination, taken as a whole, can scarcely be construed other than as a virtual admission of the correctness of complainant's contention on this point. The question turns, not so much on conflicting evidence, as upon the proper construction of the evidence and the effect upon the legal questions involved. We are convinced that whatever may have been the understanding as to payment of rents, it was coupled with an understanding that complainant could complete his purchase; that this understanding was recognized at the time and pending the further payment of alleged rents; that these payments were made by complainant, on a peremptory demand, rather to preserve his rights under the contract than to abandon it; that any relation of landlord and tenant was temporary and conditional, subject to the continued right of purchase upon the vendor's furnishing a correct statement of the amount required to pay the debt.

[6] Appellee relies upon the well-known general doctrine that a tenant cannot question the title of his landlord pending the tenancy; that if he seeks to set up an adverse claim or title he must surrender possession, placing the parties in statu quo as to the res. Powell v. Hadden, 21 Ala. 745; Davis v. Williams, 30 So. 488, 130 Ala. 530, 54 L. R. A. 749, 89 Am. St. Rep. 55.

The case of Davis v. Williams, supra, involved the case of a vendee holding under an executory contract of purchase, followed by a rental contract with the vendor. In stating the case with a view to the application of the doctrine, the court there said:

"There is not an intimation that there was any understanding or agreement that his rental

contract was subject to his. right to have the contract of purchase of which he was part owner, enforced, or that his landlord ever at any time, in any way, recognized his rights under that contract, or obligation under it to make a deed to him."

Thus, it is recognized that the general rule does not prevent the tenant from showing the entire agreement under which he holds, and asserting his rights according thereto. For example, in case of a contract of lease with option to purchase pending the lease, equity would not require a surrender of the lease before exercising and enforcing the option to purchase. A mortgagee entitled to possession before or after the law day, asserting such right, and instead of renting to another rents to the mortgagor, both parties recognizing the relation as limited merely to that of a mortgagee in possession, subject to the equity of redemption in the mortgagor, would present a similar case. The assertion of the right of specific performance under the conditions, as we find them here, was not assuming an attitude of hostility to the title or claim of the landlord at variance with his contract, but the assertion of rights under the contract as a whole.

The court below, in our opinion, erred in holding the only right and claim of complainant in the land is that of a tenant.

The decree is reversed, one is here rendered adjudging complainant entitled to relief by specific performance, and the cause is remanded for proper decree of reference as prayed and further proceedings in conformity to this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.