(110 So. 613)

PARKER v. HOUSTON et al.   (6 Div. 782.)

(Supreme Court of Alabama. Dec. 16, 1926.)

1. **Landlord and tenant** ⬅➣92(1)—**Evidence held not to sustain finding of cancellation by mutual consent of lease contract giving right to purchase.**

Evidence *held* insufficient to sustain finding that lease contract authorizing purchase of property was canceled by mutual consent, in view of vendor's seeking payment thereunder.

2. **Landlord and tenant** ⬅➣92(4)—**Evidence held not to sustain finding that right to purchase under lease contract was waived or forfeited.**

Evidence *held* insufficient to sustain finding that right to purchase property given by lease contract was waived or forfeited, in view of vendor's seeking payment thereunder.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Eliza Parker against Ellis Houston and another. From a decree denying relief, complainant appeals. Reversed and remanded.

The bill alleges that complainant is an old and ignorant negro woman and that respondents are white people, man and wife, in whom complainant had placed confidence and trust for advice in handling her affairs; that one Ed. Burge died, leaving a will by which he bequeathed to complainant the real estate in suit; that complainant took the will to respondents and sought their advice as to its probate; that respondents offered and agreed to see that the will was probated; that thereafter respondents told complainant that an outstanding mortgage upon the prop-

---

erty executed by Burge to one Porter should be foreclosed in order to protect the interest of complainant; that respondents agreed to look after the matter of the foreclosure, purchase the property for complainant at foreclosure sale, would hold the property for her and permit her to pay them the actual cost of foreclosure sale and interest; and that thereafter respondents prepared a paper and a large number of notes which were represented to complainant as carrying out the agreement stated, which papers complainant, with full confidence in respondents, signed without question.

It is further alleged that the amount of the mortgage indebtedness against the property was $945.11, and that the value of the property was $3,000; that complainant made payments to respondents aggregating $742.70, whereupon she inquired of respondents the balance due by her, and was informed that she still owed $1,400 or $1,500. It is further averred that complainant discovered that respondents had not probated said will as they had offered and agreed to do, but had merely filed same in the probate court; that the paper signed by her and represented to her as carrying out the agreement between them was in fact a lease sale contract whereby respondents were selling to her the property for approximately $1,600; that upon demand respondents furnished a statement showing an indebtedness due by complainant and her son, Brooks Dobbins, to them in the amount of $2,422.15 less $742.70, the amount paid by complainant. It is further alleged that respondents, in violation of their agreement with complainant, bought the property in suit at the foreclosure sale in the name of one of the respondents instead of in the name of complainant, that the statement of indebtedness claimed by respondents to be due is untrue, and that they have refused to settle with complainant upon the basis of the true amount due, namely, the difference between the amount of the mortgage indebtedness, $945.11, and the amount paid by complainants, $742.70, with interest.

Complainant prays an accounting and the ascertainment and enforcement of the true transaction between the parties.

Respondents answered, denying any relationship of confidence between them and the complainant or any offer of advice on their part, and denying that they offered to probate the will or did file same in the probate office. The answer sets up that complainant urged and persuaded respondents to pay off the mortgage against the property; that respondents demurred on the ground that they did not have the money, would have to borrow it, and would be put to great trouble in the matter, but finally agreed to handle the same for complainant with the understanding that they would derive a profit for their trouble; that they did purchase at foreclosure sale in the name of respondent Roberta Houston, and thereafter, with full understanding and agreement on the part of complainant, prepared the contract, which was executed by complainant and Brooks Dobbins, reciting a consideration made up of the mortgage debt, the expense of sale, and the profit agreed to be allowed respondents. The answer further sets up that complainant for a time made payment on the contract with fair regularity, but finally ceased to pay anything and expressed to respondents her wish to abandon the contract; that respondents expended large sums in the repair of the property, in taxes, insurance, interest, and other lawful charges; that the contract was canceled more than two years before the filing of the bill, but that if the contract had remained in force the amount due thereon would be $2,244.98.

Before submission, complainant moved the court to allow her to amend the bill so as to meet the proof taken orally before the court.

After hearing on pleading and proof the court decreed that complainant was not entitled to the relief prayed, that the bill under the pleading and proof, could not be amended so as to give it equity, and dismissed the bill.

Theodore J. Lamar and W. A. Weaver, both of Birmingham, for appellant.

*Appellant should have been permitted to amend her bill to meet the proof. Ex parte Northington, 37 Ala. 496, 79 Am. Dec. 67; Code 1923, § 6558. It does not appear from the answer and proof that the contract was canceled; but, if so, it was waived, and the contract was reinstated by the acts of the respondents. Hawkins v. Coston, 214 Ala. 135, 107 So. 50; France v. Ramsey, 214 Ala. 327, 107 So. 816.*

Estes & Smithson, of Bessemer, for appellees.

*A party signing a written instrument, which he had opportunity to inspect and examine, but failed to do, will not usually be heard to complain of false representations as to its contents. Terry v. Mutual Life Ins. Co., 116 Ala. 242, 22 So. 532; Georgia Home Ins. Co. v. Warten, 113 Ala. 479, 22 So. 288, 59 Am. St. Rep. 129; Campbell v. Larmore, 84 Ala. 499, 4 So. 593; Jones v. C. S. & M. R. Co., 89 Ala. 376, 8 So. 61; Pacific Guano Co. v. Anglin, 82 Ala. 492, 1 So. 852. The bill could not be amended to give it equity, and there was no error in not allowing the amendment. 11 A. & E. Ency. Law (2d Ed.) 421; Bain v. Wells, 107 Ala. 562, 19 So. 774. Two years having elapsed from the date complainant canceled or forfeited her contract, her right to reinstate it was barred. Lovelace v. Hutchinson, 106 Ala. 417, 17 So. 623; Mortgage Co. v. Sewell, 92 Ala. 163, 9 So. 143, 13 L. R. A. 299; McCall's Case, 89*

Ala. 488, 7 So. 770, 18 Am. St. Rep. 145; Thomas v. Jones, 84 Ala. 302, 4 So. 270.

ANDERSON, C. J. [1, 2] The lease contract authorized the complainant to purchase the property upon the payment of all sums due thereunder, and obligated the respondent Mrs. Ellis Houston to execute to her a warranty deed. The trial court could have denied the relief sought only upon the theory that the lease had been canceled by mutual consent or that the complainant had waived or forfeited her right to purchase.

As to the cancellation, the admissions and conduct of the parties refute all idea of a mutual cancellation. Ellis Houston said the complainant offered to give up the property, but he declined to accept her offer, and his subsequent conduct shows that he continued to treat the lease as pending. His conduct also refutes a waiver or forfeiture, as he not only treated the lease as still existing, but sought and showed a willingness throughout to accept payment thereunder. Hawkins v. Coston, 214 Ala. 135, 107 So. 50; France v. Ramsey, 214 Ala. 327, 107 So. 816; Zirkle v. Ball, 171 Ala. 568, 54 So. 1000. The trial court erred in denying the complainant relief—that is, in not ordering an accounting and permitting the complainant to purchase the property under the terms of the lease.

As to whether or not the complainant should have been permitted to amend the bill before final decree, we need not determine, as the cause must be reversed and remanded for other reasons, and the bill can then be amended upon such reasonable terms as the trial court may impose.

The decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.