
173 So. 849

## HARRIS et al. v. HALL.

### 8 Div. 765.

Supreme Court of Alabama.

April 15, 1937.

Proctor & Snodgrass, of Scottsboro, for appellants.

H. C. Hayes, of Scottsboro, for appellee.

BOULDIN, Justice.

The record shows a note of testimony offered by complainant on submission for final decree, but no note of testimony by respondent.

Chancery rule 75 expressly provides that testimony not noted, "must not * * * be considered by the chancellor."

On appeal this court can consider only the testimony before the trial court. Jones v. Moore, 215 Ala. 579, 112 So. 207; Harrod v. State, 225 Ala. 669, 145 So. 137; Flagg et al. v. Florence Discount Co. et al., 228 Ala. 153, 153 So. 177.

This rule, so long and well settled, was directly called to the attention of the court and counsel for respondent. The record shows a rehearing was granted vacating a former decree for want of notes of testimony under that rule. In this state of the record, the court should have rendered the proper decree based on the pleadings and complainants testimony as noted.

Very clearly, under the record, as thus considered, complainants were entitled to a foreclosure of the mortgage as prayed.

This court, pursuant to Code, § 6149, will proceed to render the decree the trial court should have rendered.

Under all the circumstances, however, we are impressed that the equities of the case will be best subserved by a decree of foreclosure, conditioned upon a failure of respondent to do equity.

The amount of the mortgage debt, including interest to April 1, 1937, is ascertained and decreed to be $970.42. It appears, however, that Mr. J. C. Jacobs, representing complainants, his daughters, did agree to accept the reconveyance of the lands and a note for $50, in satisfaction of the mortgage debt; that this note was given and later paid; that the possession of the lands was for a time held by respondent as tenant of complainants under this settlement.

But the deed reconveying the lands was never executed. In some way, the notes and mortgage came into the hands of respondent. Later, he repudiated the agreement, claimed the mortgage debt was paid or satisfied, and refused to reconvey.

But the agreement having been partially performed, and, so far as appears, still subject to performance on the part of

116

respondent, it is here decreed that if respondent shall, within sixty days from the rendition of this decree, execute to complainants and deposit in court for them a good and sufficient deed conveying all the title to the lands which was conveyed to him, and shall surrender possession of the lands, filing in court a proper showing of such fact, and shall pay into court for the complainants the sum of $100, as compensation for the use and enjoyment of the lands pending this suit, and also the costs of suit, such deed, possession and money payments shall be deemed and are here decreed to be a full satisfaction of the mortgage debt.

It is further decreed that upon failure to so perform within sixty days, or to pay the mortgage debt and costs as above decreed, the said mortgage be and is hereby foreclosed, and the register shall proceed to sell said lands at public auction to the highest bidder for cash in front of the court house door of said county, after having given thirty days' notice of the time, place, and terms of sale with a description of the property, by publication in a newspaper published in said county. The register shall make report of sale, to be followed by the usual proceedings in the court below, including a deficiency decree, if need be. Let the appellee pay the costs of suit in the court below, and the costs of appeal in this court and the court below.

The cause is remanded for proceedings in accordance with this decree.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.