198 So. 166

**ANDERSON v. STATE.**

8 Div. 10.

Court of Appeals of Alabama.

June 29, 1940.

Rehearing Denied Aug. 6, 1940.

Appeal Dismissed on Mandate Oct. 29, 1940.

Street & Orr, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The point here involved, so far as we have been able to ascertain, is original in our State.

This is an appeal from a judgment of the Judge of Probate of Marshall County denying petitioner release or bail on habeas corpus petition.

The warrant for arrest of appellant was predicated upon an affidavit charging first degree murder, made before a magistrate (the County Court having preliminary jurisdiction) of said county.

The defendant was arrested and placed in jail June 1, 1940, upon said warrant, which was returnable for preliminary trial before said magistrate June 3, 1940. On this last named day, no action was taken in the prosecution by the State and the following day, June 4, the appellant (petitioner) instituted his petition praying for the writ aforesaid or, in the alternative, for bail in reasonable sum.

Hearing of this petition was set for June 17, 1940, with the usual direction to the custodian—the sheriff—to produce the body of the prisoner at the hearing. On the named day, the sheriff complied with said order, making answer in his return of the fact of the prisoner's being held under the affidavit and warrant aforesaid. At this hearing, the evidence for the State consisted of the introduction of the sheriff's return and the original affidavit and warrant for murder. No other evidence was adduced by the parties. Upon this showing, both parties rested and moved for favorable action by the judge. Judgment was accordingly entered, recommitting the prisoner to jail and denying bail, from which order this appeal proceeded.

The controlling question here presented is: Does the State, in such a proceeding, make out a prima facie case of probable guilt of a capital offense by the introduction of the sheriff's return and the affidavit and warrant, without evidence to support the accusation?

In our opinion this query should be answered in the negative.

"All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great," etc. Constitution 1901, Article I, Section 16.

■■ It would, in our view, be a perversion of the inalienable right of a citizen, guaranteed by the constitutional provision, to disallow him bail, without making it appear to the judge or court, by the evidence, that the "proof is evi-

·dent or the presumption great." To conclude otherwise would be to deal carelessly with human rights dearly purchased and an unconscionable usurpation of a constitutional right. No sort of circuitous reasoning could persuade us that the presumption of innocence is overcome, prima. facie, by the introduction of the ex parte affidavit which produced the arrest, sworn out by someone claiming to have probable cause for believing the petitioner guilty. Quoting from our opinion, and governing here, in the case of Roan v. State, 24 'Ala.App. 517, 137 So. 320, 321: "The burden rested on the state to prove the crime, that it was of the highest degree, and to show such a state of facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty. Ex parte Lawrence, 21 Ala.App. 537, 109 So. 615."

The law is similarly stated, and we concur, in 6 C.J. 985, Section 215: "A magistrate's commitment or a coroner's verdict raises no presumption against the prisoner which the higher court or judge will regard on an application for bail, and the court may ignore the conclusions reached by them and remand or bail the prisoner, as the nature of the offense and the strength of the evidence require. Where the application for bail is made before indictment, a presumption of innocence obtains, and the evidence taken before the committing magistrate or court may be examined, and any new evidence may be heard, and, upon all the evidence thus produced, bail may be granted or refused."

The principle, here pronounced, is readily distinguished from the case of Ex parte Vaughan, 1870, 44 Ala. 417, from which proceeded the later decision of Ex parte Rhear, 1884, 77 Ala. 92, where the rule was established that, after indictment, in such proceedings as we have here, guilt is presumed. If this rule can be said to have logical basis, it must rest upon the reasoning that the indictment, having been preferred, was by a grand jury of citizens, acting under oath and responsive to legal direction, having had before it proper evidence upon which to predicate the indictment. The same principle was suggested in the old case of People v. Hyler, N.Y., 2 Park.Cr.R. 570, 572, where it was stated: "Other instances to the same effect might be cited, all showing that the distinction made between bailing in capital cases before or after indictment has been founded on the reasons above given; that before the indictment the court have access to the depositions and testimony on which the charge is based, and in the other case could not, because the grand jury were required to keep the testimony before it secret; and the court having no means of inferring otherwise, would, therefore, always imply that the grand jury had not indicted on insufficient proof, and so refuse to bail."

Analogous authority is in the books, some criticizing the rule adopted in the Vaughan and Rhear cases, supra, but which we conceive unnecessary to cite. Whether such criticism be sound or spurious, it is this court's opinion that the constitutional guarantee, provisioned by Section 16, supra, should not be further relaxed and that, in such a proceeding as here involved, it was the duty of the State to introduce substantial evidence to overcome the presumption of innocence, with which the defendant, by law, is protected.

It results that the judgment of the Judge of Probate is reversed and the cause remanded for further proceedings in harmony with this opinion.

Reversed and remanded.

### On Rehearing.

### PER CURIAM.

Appellee, by petition for writ of certiorari, seeks to have sent up to this court for our consideration a certain record, towit, a minute entry, not from the lower court from which this appeal proceeded, but from a different court, i. e., the county court, from which the warrant committing the prisoner originated. This minute entry was not in evidence in the habeas corpus proceedings and was not under consideration in that trial. Such an entry, not having been introduced in evidence in the hearing below and therefore not properly a part of the record in the pending cause, is not the proper subject of writ of certiorari. Hearings in the appellate courts of this state proceed upon the recorded evidence and pleadings which were presented in the lower tribunal. Neither party can supplement the transcript on appeal with evidence which was not—though perhaps

should have been—introduced in the trial below.

This being the purpose of the petition for writ of certiorari, it is accordingly denied.

There appearing to be no new points raised by the application for rehearing, it is also overruled.

Opinion extended and application overruled.

After Remandment.

PER CURIAM.

It having been ascertained and determined that the petition for writ of habeas corpus in this proceeding was prematurely and improperly presented to the Probate Judge, and that said Judge was without jurisdiction to hear and determine same, it follows that an order must be here entered dismissing this appeal. John Willie Anderson v. State of Alabama, Ala.Sup., 198 So. 169.

Appeal dismissed.