8 So.2d 596

**SPEARS v. STATE.**

**4 Div. 687.**

Court of Appeals of Alabama.

April 14, 1942.

Rehearing Denied May 12, 1942.

E. C. Boswell, of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The question of double jeopardy (the sole question urged to reverse the judgment below) is not here presented so as to authorize consideration by this court.

There was no plea of autrefois convict. The defendant sought to raise the issue by a motion in arrest of judgment. "It is generally held that the defense of former jeopardy cannot be raised for the first time on a motion in arrest of judgment, since such former jeopardy does not appear in the record of the trial." 23 C.J.S.,

Criminal Law, p. 1338, § 1524. We assume it to be safe for us to follow the general rule.

A further obstacle to determining this question (the foregoing irrespectively) is that there is nothing in the present record to show that the defendant was twice placed in jeopardy for the same offense. The mere assertion of that fact in the motion in arrest of judgment is wholly insufficient to justify our conclusion that such was the case. Even had the issue been properly presented, by a plea of former jeopardy, that plea, in order to warrant sustension, must necessarily have been supported by proof. There is no evidence in the present record establishing the contention of the defendant of double jeopardy.

And, of course, we cannot make an excursion elsewhere and go outside of the record before us for the purpose of determining whether or not the defendant has been twice convicted of the same crime. "Hearings in the appellate courts of this state proceed upon the recorded evidence and pleadings which were presented in the lower tribunal. Neither party can supplement the transcript on appeal with evidence which was not—though perhaps should have been—introduced in the trial below." Anderson v. State, 29 Ala.App. 499, 198 So. 166, 169.

As we see it, there is no revisable error presented, so the judgment is affirmed.

Affirmed.