13 So.2d 398

**BANKSON v. ACCIDENT & CASUALTY CO. OF WINTERTHUR, SWITZERLAND.**

7 Div. 737.

Supreme Court of Alabama.

March 18, 1943.

Rehearing Denied May 27, 1943.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellant.

London & Yancey, Geo. W. Yancey, and Fred G. Koenig, Sr., all of Birmingham, for appellee.

BROWN, Justice.

Special assumpsit by appellant for the breach of the conditions of a policy of insurance whereby the appellee, defendant below, undertook, for a consideration paid by the plaintiff, to defend in his name and behalf any suit against the insured because of bodily injury sustained by any person (except those employed by the insured or those to whom he may be held liable under the Workman's Compensation Law, Code 1940, Tit. 26, § 253 et seq.) caused by accident arising out of the business operations of the insured, as described and limited in the declarations embodied in the policy, occurring within or upon the premises described in the declaration or *elsewhere if caused by employees of the insured in the course of their employment in conducting the business operations of the insured described in the* declaration; alleging such injury and seeking damages on account thereof, even if the suit is groundless, false or fraudulent.

The breach alleged is that such suit was filed by one O'Loughlin, alleging such injury, the defendant was notified thereof and it refused to defend on the ground that injuries by motor vehicle were not within the coverage of the policy and in consequence plaintiff was forced to employ counsel to defend said suit and incur expenses incident thereto to his damage. The suit so defended resulted favorably to the plaintiff in this case.

After demurrer was overruled, by agreement of the parties, subsequent pleadings were in short by consent, with leave for the respective parties to offer evidence going to show special defenses and avoidance thereof as if specially pleaded.

The trial was by the court without a jury on an agreed stipulation of fact, and testimony on the question of notice and defendant's refusal to defend the O'Loughlin suit, resulting in a judgment for the defendant.

■ The evidence clearly supports the appellant's contention that defendant denied liability and refused to defend the lawsuit brought by O'Loughlin against plaintiff, after receiving a copy of the summons and complaint, on the single ground that the policy did not cover liability for damages inflicted by the plaintiff's employe in the use of the motortruck in hauling sand and gravel to be used in the construction work in which the plaintiff was engaged. Such refusal reduced the question to one of the coverage of the policy. Liverpool & London & Globe Ins. Co., Limited of England v. McCree, 213 Ala. 534, 105 So. 901.

As shown by the stipulation of facts the plaintiff at the time he procured the policy was engaged in the business of a building contractor and at the time of the occurrence out of which the suit by O'Loughlin against plaintiff occurred was engaged in constructing a residence for one Headley on Newton Street in Gadsden, Etowah County, Alabama. And, as stated in appellee's brief, "was engaged in excavating, transporting sand and other material for the foundation, paving the foundation and doing the carpentry work, installing the interior trim and other work set out in the policy." Headley's place was "a distance of three miles by highway from the scene of the accident. In connection with this work sand was being hauled in said truck from the McLendon Place, which is approximately two miles north of Attalla, in Etowah County, and approximately five miles from the Headley Construction project." Adams, the driver of the truck, was employed by the insured for the purpose of hauling said sand to said Headley's project for use in the construction work there.

The scene of the accident was in front of and contiguous to the home of Adams at 408 5th Street, Attalla, Alabama, which was on the way from the place where the sand was obtained to the Lee Headley Home.

The policy, as appears from the pleadings and proof, to use its own terminology is a "Contractors' and Manufacturers' Public Liability Policy." The declaration showing the activities of the insured covered is as follows:

"Declarations

"Item 1.    Name of the Insured    L. R. Bankson
"Address    Attalla, Alabama.
\*  \*  \*          \*  \*  \*                    \*  \*  \*
"Item 3.  The location by Town or City and State, with Street and Number, and the description of the operations hereby insured are as follows:
"(a) Location in all Buildings, Yards, Premises and Work Places constituting the Insured's permanent locations: *Attalla, Alabama, and elsewhere in the State of Alabama.*
"(b) The outside locations at which work is or may be carried on by the Insured: "A complete description of the business operations covered by this policy, the estimated remuneration of Insured's employees engaged in such operations, the premium rate or rates and the minimum and advance premiums are as follows:

| Description of Work Covered by this Policy. | Estimated Remuneration for Policy Period. | Premimum Rate per $100.00 of Remuneration. | Estimated Premium |
|---|---|---|---|
| Carpentry—all carpentry, including installation of interior trim, builders' finish, or cabinet work, incidental to the construction of private residences for one or two families or dwellings of wood construction not exceeding three stories in height, including private garages connected therewith. #5645 | $1800.00 | .28 | $12.50 |
| Masonry N. O. C. #3447 | If any | .50 | |
| Plastering N.O.C.—*including drivers, chauffers and helpers* #5480 | If any | .20 | |

(w) Clerical office employes."    (Transcript p. 16).

It is stated in brief filed by appellant that the statements italicized were written into the declaration when the policy was issued by defendant's agent.   This statement is not controverted, and under Rule 10 of Supreme Court Practice, Code 1940, Tit. 7 Appendix, p. 1008, will be treated as accurate.

The stipulations as to coverage and "exclusions" are that insurer:

"Does Hereby Agree With the Insured Named in the Declarations

"1.  Coverage.  To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death resulting therefrom, sustained by any person or persons except those employed by the Insured or those to whom the Insured may be held liable under any Workmen's Compensation law, caused by accident and arising out of the business operations of the Insured as described and limited in the Declarations and occurring:

"(a) Within or upon the premises described in the Declarations;

"(b) Elsewhere if caused by employees of the Insured in the course of their employment in conducting the business operations of the Insured described in the Declarations.

"II.  Defense.  To defend in his name and behalf any suit against the Insured alleging such injury and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company."  (Tr. p. 10).

"V.  Exclusions.  The Company, except as otherwise specifically provided herein,

shall not be liable for any claim caused by:

\* \* \*

"(c) The ownership, maintenance or use of a vehicle of any description or of any draught or driving animal elsewhere, than within or upon the premises described in the Declarations;" (Tr. p. 11).

The appellant's contention is that the policy obligated the insurer to defend the suit brought by O'Loughlin against the insured and its refusal and failure to do so was a breach of the obligations imposed by this policy.

The appellee on the other hand contends, to state its contention in the language of its brief, "We submit that the only reasonable interpretation that can be given is that the policy, which is a Contractor's Public Liability Policy and not an Automobile Liability Policy, was issued to a contractor who might have construction contracts in Attalla and elsewhere in the State of Alabama, and that the premises means the place or places in Attalla, or elsewhere in Alabama, where construction work is being performed by the contractor, Thus, for illustration, in addition to the Headley job in Gadsden, appellant may have had a construction job in Attalla, another in Florence, and still another or others elsewhere in Alabama. The coverage of the policy is not limited to any one particular place in the named territory, but, an accident happening on the premises of any one of the jobs, whether in Attalla, or elsewhere in the State of Alabama, would be covered by the policy; the reasonable interpretation being that the actual place of the construction job or jobs would be the premises and not all of "Attalla or elsewhere in the State of Alabama."

"Under the undisputed evidence, we insist that the accident did not occur within or upon the premises described in the Declarations."

 We are of opinion that appellee's contention cannot be sustained. Subdivision (b) of paragraph I dealing with coverage, specifically covers the activities of the insured's employees in conducting his business operations in the instant case in transporting sand through "Attalla, Alabama, and elsewhere in the State of Alabama," and under the terms of the policy, it was obligated to defend the suit brought by O'Loughlin, even though said suit was "groundless, false or fraudulent." Indemnity Co. of America v. Bollas, 223 Ala. 239, 135. So. 174.

Said subdivision (b) is not qualified by paragraph V, Subdivision C, when said subdivision (b) is interpreted in the light of the statement in "Description of Work Covered by this Policy, Plastering N. O. C. —including drivers, chauffers and helpers," written into the printed form when the policy was issued, along with the statement, *"Attalla, Alabama, and elsewhere in the State of Alabama."*

Our judgment, therefore, is that the plaintiff was entitled to recover the sum of two hundred and twenty-five dollars for attorney's fees incurred in defending the suit of O'Loughlin against him in the Circuit Court of Etowah County.

It does not appear from the record when the services were concluded. Therefore the judgment of the circuit court will be reversed and one here rendered for said sum with interest at six per cent from September 6th, 1940, the date of filing this suit. The clerk will make the calculation and enter the judgment.

Reversed and rendered.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.