27 So.2d 629

### WETZEL v. TOSTON et al.
### 6 Div. 437.

Supreme Court of Alabama.
Oct. 10, 1946.

Rehearing Denied Nov. 7, 1946.

Warren Upton, of Birmingham, for appellant.

Jas. G. Adams, Jr., of Birmingham, for appellees.

SIMPSON, Justice.

Statutory ejectment against defendant, Ed Wetzel. From an adverse judgment he has appealed.

■ Introduction of the conveyance to the plaintiffs from their grantor in possession made a prima facie case, in the absence of a showing by the defendant of his possession of the land prior to the deed to the plaintiffs. Blair v. Blair, 199 Ala. 480, 74 So. 947; France v. Ramsey, 214 Ala. 327, 107 So. 816.

■ The defendant could defeat recovery only by legal defenses which would override the case made by the plaintiffs. Blair v. Blair, supra. This he failed to do. He claimed to be possessed of certain deeds to the land which would establish his superior title, but did not produce them on trial and his entire testimony on this issue rested solely in hearsay and was properly excluded by the trial court.

■ He did request a postponement of the proceedings for an opportunity to produce the documents if they could be found, but the court denied this request. This was the court's discretion (Ala.Dig., Trial, ☞ 26; Id., Appeal and Error, ☞948) and, in this instance, that discretion appears to have been soundly exercised.

■ The documents appended to the transcript purporting to disclose the devolution of the defendant's title were not before the trial court and cannot be considered on review. Hearings on appeal proceed on the recorded evidence and pleadings obtaining in the lower tribunal and the parties are not permitted to supplement the transcript with evidence not introduced on trial. Anderson v. State. 29 Ala.App. 499(7), 198 So. 166. The Supreme Court on appeal only considers the testimony before the trial court. Harris v. Hall, 234 Ala. 115(1), 173 So. 849; Alabama Power Company v. City of Sheffield, 232 Ala. 53(2), 166 So. 797.

■ The plaintiffs also recovered $200 damages for detention. The statute authorizes recovery for "mesne profits" and the evidence warranted the verdict returned. Code 1940, Tit. 7, § 938; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101.

■ Defendant makes some sort of contention, if we have understood his argument, against this award of damages. His argument seems to be predicated on the rule discussed in Clifton v. Curry, 30 Ala.App 584, 10 So.2d 51, because he, at one time, became the purchaser of the property at a tax sale. Neither the statute (Code 1940, Tit. 51, § 314) nor the cited case has application to the facts of the instant case These plaintiffs effected a lawful redemption of the property from the tax sale (Code 1940, Tit. 51, § 304), and thereafter demanded possession of the defendant. He was therefore accountable to the plaintiffs for the tortious withholding of the land after such demand. Scott v. Colson, 156 Ala. 450, 47 So. 60.

We find nothing to justify disturbing the findings on trial and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.