91 So.2d 826

**Guy NICHOLS**

v.

**Mary GRAHAM.**

**4 Div. 890.**

Supreme Court of Alabama.

Dec. 21, 1956.

Brown & Steagall, Ozark, for appellant.

Mike Sollie, III, Ozark, for appellee.

SIMPSON, Justice.

This is an appeal from an interlocutory decree of the trial court overruling the appellant's demurrer to a bill for specific performance of an executory contract for the sale of certain real property.

The demurrer attacked the sufficiency of the bill on several grounds, but only two propositions are argued in brief. Discussion will, therefore, be limited to these.

The appellant contends that the bill shows on its face that the original contract of sale of the land was amended by several oral contracts; and that these oral contracts violating the statute of frauds are unenforceable, Alabama Code 1940, Title 20, § 3(1, 5), and therefore specific performance would be thereby precluded.

As we view it, the statute of frauds is not involved. From the allegations of the bill, the appellee is entitled to specific performance under the terms of the original contract.

The original contract is exhibited as a part of the bill. The vendor was to convey the land after final payment was made by the vendee. By the terms of the contract the vendor could, at his election by giving written notice to the vendee, declare the contract void and treat payments made as rent, if the vendee defaulted in her payments. The vendee alleges in her bill that she was not able to make the payments as they became due but that the vendor orally agreed to keep the contract in force until she could make the payments.

■■ Disregarding the vendor's alleged oral agreement to keep the contract in force, the contract was extended by the vendor accepting from the vendee interest on the amount due after the last installment was due. The last installment fell due on October 15, 1952. Exhibit "B" to the bill, dated December 10, 1952, indicates that the vendor accepted from the vendee the amount of $500 "for interest on Loan." Receipt of money by the vendor from the vendee on an executory contract for the sale of real property is a renewal of the contract as to any past grounds of forfeiture. Salter v. Carter, 257 Ala. 216, 58

**414**

So.2d 454; Bessemer Coal, Iron & Land Co. v. Bullard, 215 Ala. 433, 111 So. 5; France v. Ramsey, 214 Ala. 327, 107 So. 816; Jones v. Hert, 192 Ala. 111, 68 So. 259. Speaking of an executory contract for the sale of land somewhat similar to the contract before us now, this court in France v. Ramsey, supra, stated:

"Clearly there was a waiver of the forfeiture clause of the contract. Payment and receipt of purchase money on such contract is within itself a renewal of the contract as to any past ground of forfeiture. Payment on a contract per se implies the continued existence of the contract."—214 Ala. at page 328, 107 So. at page 817.

The appellant's next point is that there was no tender. The contract having been renewed by the payment of interest, if there was a valid tender or excuse for non-tender after said renewal and prior to the appellant's election to declare a forfeiture, there could be no forfeiture. The written notice necessary to invoke a forfeiture was sent by the vendor to the vendee on August 15, 1955. The bill alleges that on August 12, 1955, which was three days prior to the attempted forfeiture, the vendee went to the home of the vendor "and orally offered to pay the balance owed if the Respondent would execute a warranty deed for the land to her. The Respondent refused to do so." Where an offer or demand to pay money or deliver property is declined *in limine*, actual tender is thereby waived. Tanner v. McClure, 259 Ala. 142, 148, 65 So.2d 709; Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 138, 145 So. 456; Smith v. Thomas, 201 Ala. 442, 78 So. 820. Such is the status here where the appellant refused to carry out his part of the contract on offer of appellee to pay the amount due.

We find no error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.