114 So.2d 553

**UNITED STATES STEEL CORPORATION**

v.

**Jack Morton BAXLEY and Department of Industrial Relations.**

**6 Div. 561.**

Court of Appeals of Alabama.

March 25, 1958.

Rehearing Denied May 13, 1958.

Affirmed After Remandment Sept. 1, 1959.

Rehearing Denied Sept. 15, 1959.

Burr, McKamy, Moore & Thomas, Birmingham, for appellant.

Cooper, Mitch & Black, Birmingham, for appellees.

CATES, Judge.

The T. C. I. Division of the appellant owns and operates a complete "internal" or "captive" railroad system within and connecting its various works, mines, quarries, furnaces and mills in Jefferson County, Alabama.

The railroad conductors on this system went on strike July 29–August 12, 1955. Baxley was then working at the Open Hearth Furnaces of the Ensley works and was laid off during this time. He was awarded unemployment compensation benefits appropriate to his period of being out of work.

We need not go into whether or not the Open Hearth Furnaces are so integrated with the rail transportation system as to constitute these two parts of the complex an "establishment" within the meaning of Code 1940, T. 26, § 214(A), as amended.

The conductors were members of Rail Transportation Conductors Local 3662 of the United Steelworkers of America, CIO. No evidence is called to our attention that Baxley belonged to this local.

We consider the majority opinion of the Usher case (Usher v. Department of Industrial Relations, 261 Ala. 509, 75 So.2d 165) as discussed in United States Steel Corp. v. Wood, post, p. 431, 114 So.2d 533, governs our decision.

Affirmed.

**430**

### After Remandment

This cause comes back to us on authority of the Wood case. As an exception to the rule of Usher, Wood holds that a man out of work because of a strike is not qualified if he works in the same establishment and belongs to the same parent union (though in another local) as do the men on strike, certainly where agency of the parent union is implied from the act of its president's sending a telegram which ends the strike.

Appellant's brief, in the Statement of the Case, says Baxley belonged to the Steel Workers and that the conductors, who were on strike, also were of the same parent union. Baxley's brief also assumes his union membership. Neither brief refers to the page of the record at which evidence of Baxley's membership can be found.

■ We have read the testimony and fail to find that Baxley belonged to a union. Our statutes and rules do not allow the record to be enlarged by insertion of a fact not before the trial judge. The scope of review is confined to the record. Wetzel v. Toston, 248 Ala. 382, 27 So.2d 629.

■■ The Wood case does not apply except as to fellow unionists. Hence, the judgment below, coming within the scope of Usher, supra, and United States Steel Corporation v. Garris, 39 Ala.App. 428, 104 So.2d 327, is due to be

Affirmed.

### On Application for Rehearing

Appellant cites us to cases such as Bankson v. Accident & Cas. Co. of Winterthur, 244 Ala. 371, 13 So.2d 398, for the proposition that facts (in a civil case) stated in appellant's brief, if uncontroverted by the appellee, become the governing facts of the appeal. This is correct so far as it goes.

■ However, we consider that for the last sentence of Rule 9, Code 1940, Tit. 7 Appendix thus to be brought into play all substantial conditions precedent must first be met, the most important of which is that the statement of the appellant must refer *"to the pages of the transcript."* (Italics added.)

Application overruled.