117 So.2d 136

### J. Inzer MUSGROVE et al.
### v.
### James V. H. FRENCH.

### James V. H. FRENCH,
### v.
### J. Inzer MUSGROVE et al.
### 6 Div. 460, 460–A.

Supreme Court of Alabama.

Dec. 10, 1959.

Johnson & Randall, Oneonta, for appellants.

Earl D. Hendon, Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a decree in equity in favor of the complainant, French. The second amendment to the bill made an issue between appellee French and appellant William H. Clapp, Jr.

The facts presented by the pleadings and evidence, although some are irrelevant to the stated issue, disclose the following: Complainant French bought the mineral rights to a forty-acre tract of land described in the complaint from one Musgrove, who executed to the complainant a warranty deed thereto. Subsequently complainant discovered that Musgrove, at one time a respondent to the bill, had previously mortgaged this land with others in Blount County to one Baines to secure an indebtedness of $250; the said Baines, after the maturity thereof, transferred the mortgage to respondent Clapp, who had knowledge of the warranty deed of the complainant. When complainant discovered these facts, he accosted Clapp on several occasions to have his mineral interest in the land relieved of the mortgage and to be subrogated to the mortgage to the extent of his mineral interest. Clapp refused all tenders and stated that he would not consider any transaction of any kind with complainant. At one time in the course of the pleading Musgrove was made a party to the proceeding in an amended bill of complaint, but later was sought to be stricken by the second amendment to the bill of complaint, referred to above. The trial court, however, refused to allow Musgrove to be stricken. This was error and is one of the assignments on this appeal by French who also has appealed and cross-assigned errors. No affirmative relief was sought against Musgrove, nor granted. He had divested himself of the mineral rights. Any interest he had remaining was the equity of redemption as to surface rights. That remains an issue between him and Clapp which was in no manner raised by the pleadings in this case.

Counsel for the parties seem to have made this a complicated case by various pleadings, but we will seek to unravel the skein so as to make the case simple, without addressing ourselves to any other assignment of error and in order to do equity between the parties. As stated, the second amendment to French's bill of complaint had the single purpose in so far as he was lawfully entitled, to relieve his interest in the forty acres from Clapp's mortgage and to be subrogated to Clapp's interest therein to that extent by the payment of the amount due by the mortgage debt. Thus the case made by that amendment to the bill was between French and Clapp alone. The trial court, therefore was in error in reaching back and requiring Musgrove to be brought into the case after he had already been stricken as a party, since no issue was made by that amendment to the bill between Musgrove and any of the parties. Therefore, for all intents and purposes, Musgrove was, and should have been, out of the case as the present trial court seems to have thought, but he preferred to adhere to the ruling aforesaid by the for-

**66**

mer trial judge and leave Musgrove in the case. Whatever claim French may have against Musgrove on his warranty deed could be adjudicated in a court of law, and whatever French owed Musgrove for the purchase of the mineral interests in the forty acres could be claimed when the amount should become due. Certainly the confused pleading in the case nor the evidence would warrant any decree in favor of French or Musgrove in these respects.

■ As mentioned above, Clapp refused to accept French's tender of any amount and thus drove French to this law suit to settle his rights and lift the Musgrove mortgage from his interest in the land which Musgrove had deeded him. In this Clapp was wrong, and the costs in the lower court should have gone against him. Where an offer or demand to pay money or deliver property is declined in limine, actual tender is thereby waived. Nichols v. Graham, 265 Ala. 412, 91 So.2d 826.

■■ But, after having been brought into court for the above declared purpose, Clapp in open court presented a duly executed instrument relieving from the Musgrove mortgage the interest which French owned in said lands. This was the end of the law for French, so far as Clapp was concerned, and all that French was entitled to. The general rule is that a mortgagee may cancel or release the mortgage at any time unless the rights of a third party may have intervened. 59 C.J.S. Mortgages § 458, p. 723. The bill of French, therefore, seeking to be subrogated to any rights in the mortgage after his interest in the property had been released therefrom, was without equity and the court properly so ruled.

We are at the conclusion that the decree of the lower court should be modified, striking Musgrove as a party in accordance with French's second amendment to the bill, and assessing the costs in the lower court against Clapp.

French paid into the court $350, which he alleged to be the balance he owed for the

purchase of his interest in the forty acres. But this tender was to pay Clapp for subrogation rights in Clapp's mortgage. French is not now entitled to any such rights, French's interest in the lands having been released from the mortgage. This sum should, therefore, be repaid to French.

As so modified, the decree will be ordered affirmed. Both parties have appealed and assigned errors. Except as herein above noticed we view the other assignments as without merit. Let the cost of the appeal be paid one-half by the appellee French and one-half by the appellant Clapp.

Modified and affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.