This case involves a claim to quiet title. The trial Court, after hearing the evidence ore tenus, quieted title in favor of plaintiff, Roger C. Newton. Doris Rogers and Lilian Price appeal to this Court. We affirm.
On June 30, 1967, Newton executed a lease-sale contract with H.P. McDonald and his wife, Mary. The McDonalds agreed to make regular monthly payments to Newton. These payments were irregular, however, over a period of about six years; and Newton, on at least two occasions, notified the McDonalds of his intention to forfeit their rights under the contract and take possession of the property. On these occasions, the McDonalds made an attempt to catch up the arrears and Newton permitted them to stay on the property.
On December 21, 1973, Mary McDonald died. H.P. McDonald continued in possession until April or May. McDonald made only two monthly payments subsequent to his wife's death. The house was abandoned by McDonald and, subsequently, he executed a quitclaim deed in the property to Newton. At the time McDonald abandoned and quitclaimed the property, he was in arrears some sixteen payments.
Doris Rogers and Lilian Price are sisters of the deceased, Mary McDonald. Their rights in the property are based upon their status as heirs to Mary McDonald's estate. Testimony was offered by these sisters that, after Mary's death, they attempted to protect whatever interest they might have in the property.
It is the contention of the sisters that Newton, by accepting payments after giving the McDonalds notification of his intention to rescind, waived his rights to rescind the contract. Furthermore, they contend that Newton did not give proper notice to them as heirs of Mary McDonald.
It is established Alabama law that receipt of money from a vendee by the vendor for the sale of real property is a renewal of the contract as to any past grounds of forfeiture. Nicholsv. Graham, 265 Ala. 412, 91 So.2d 826 (1956). Appellants, however, urge this Court to adopt the application of this rule to subsequent defaulting acts by a vendee. This we cannot do for it would penalize the goodhearted vendor for allowing a defaulting vendee to make up his previous defaults. The mere fact that a seller has permitted the curing of previous defaults is not an end unto itself to cure future defaults of the same nature. Nelson v. Sanders, 123 Ala. 615, 26 So. 518
(1898).
The trial Court, hearing the evidence ore tenus, concluded that proper notice had been given to all parties concerned. We find ample evidence in the record to support this finding. Thus, under the rule of ore tenus, we are constrained from reviewing this finding. The conclusion of the trial Court in its findings of fact, unless unsupported by any competent evidence, or unless plainly and palpably wrong or manifestly unjust, must not be disturbed on appeal. Patronas v. WestDauphin Corporation, 280 Ala. 442, 194 So.2d 845 (1967). The holding of the trial Court is affirmed.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur. *Page 770